570 So.2d 1078 (1990)
In the INTEREST OF J.J. and J.J., Both Children.
No. 90-1342.
District Court of Appeal of Florida, First District.
December 3, 1990.
W. Howard LaPorte, Crestview, for appellants.
Glenda K. Sutton, Crestview, for appellee.
PER CURIAM.
In this appeal, the mother challenges the trial court's finding that her four-year-old daughter, J.J., is dependent.[1] We hold that the evidence was insufficient to support such a finding and reverse.
In the petition for dependency, the Department of Health and Rehabilitative Services *1079 alleged that J.J. had been sexually abused by the mother's "paramour/fiance." This allegation, which is the only one that survived the mother's motion for dismissal, did not allege abuse or neglect on the part of the mother. After a hearing, the trial court issued an order finding that "[t]here was no evidence adduced to indicate that the mother was involved in any abuse or neglect." Despite this finding, J.J. was deemed dependent. As near as we can determine, the basis for the dependency finding was an incident of sexual abuse perpetrated by someone who was neither a parent nor legal custodian. It is clear from the trial court's findings that the mother did not participate in the abuse, nor did she permit the abuse to occur through any neglect on her part. Because we are unable to determine in what way J.J.'s mother was responsible for what occurred, we cannot permit the dependency finding to stand.
Accordingly, the trial court's finding of dependency is REVERSED.
ERVIN, WIGGINTON and MINER, JJ., concur.
NOTES
[1] Although the dependency petition also sought to have appellant's six-year-old son, J.J., adjudicated dependent, the trial court dismissed the allegations relating to the son. All further references to "J.J." are to the daughter.