PER CURIAM.
This cause is before us on appeal from an order of disposition under Section 39.41, Florida Statutes (1989). We find the evidence adduced at the disposition hearing sufficient to support an adjudication of dependency as to both children. However, in the earlier appearance of this matter here, In the Interest of J.J. and J.J., both children, 570 So.2d 1078, 1079 (Fla. 1st DCA 1990), this court held that the evidence adduced at the adjudication phase was insufficient to show the mother’s involvement in sexual abuse of the daughter by the mother’s “paramour/fiance.” We, therefore, must reverse the order of disposition as to the daughter.
We must also reverse the order of disposition as to the son, because the trial court had previously dismissed the petition for dependency as to the son at the adjudication hearing. The issue of the son’s dependency was therefore not before the court at the disposition hearing.
On remand, the court should direct the Department of Health and Rehabilitative Services to file an amended petition as to both children conforming to the evidence adduced at the adjudication and disposition *332 hearings. See Department of Health and Rehabilitative Services v. Hollis, 439 So.2d 947, 949 (Fla. 1st DCA 1983). The trial court may consider the evidence already presented and any new evidence which the parties may offer.
BOOTH, SMITH and WIGGINTON, JJ., concur.