592 So.2d 802 (1992)
In the Interest of L.S., a Child.
No. 91-2359.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
Gary S. Israel, Palm Beach, for appellants  Carolyn D. Sage  Hemingway, Holly Simon  Sage, and Amy Simon.
Cary E. Klein of Klein & Klein, P.A., West Palm Beach, for appellee  Jay Simon.
STONE, Judge.
We affirm a trial court order dismissing a dependency petition filed under section 39.404, Florida Statutes. The action was instituted by the child's mother. The child resided with his father under the terms of a divorce decree "domesticated" in Palm Beach County. The mother alleged that the child's brother also living in the father's household abused him. At the time of filing, L.S. was temporarily in his mother's care and custody. We note that the Department of Health and Rehabilitative Services is not a party to these proceedings.
The trial court recognized that the mother remained free to seek a modification of the custody terms. The court's order was, at least in part, founded on the court's interpretation of section 39.01(10), concluding that the statute's use of the plural, "parents," required abuse allegations against both parents. The court did not recognize that this section was amended in 1990 to include the singular, "parent." Nevertheless, we sustain the trial court's exercise of discretion to reject a chapter 39 petition by one parent against the other where the record reflects that a parent-petitioner is willing and able to serve as a caretaker.
Public policy and considerations of judicial economy support the trial court's decision recognizing that the appropriate forum in this case is a modification proceeding. To hold otherwise only encourages conflicts and duplication of proceedings. We note that the Florida Supreme Court recognized that little justification exists for *803 separate divisions of a court to handle custody and dependency proceedings involving the same facts and parties. In re Report of the Comm'n on Family Cts., 588 So.2d 586 (Fla. 1991). See also Esdale v. Esdale, 487 So.2d 1219, 1220 (Fla. 4th DCA 1986) (Glickstein, J., concurring).
GLICKSTEIN, C.J., and FARMER, J., concur.