687 So.2d 51 (1997)
James ROBERTS, Petitioner,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, etc., Respondent.
No. 96-3564.
District Court of Appeal of Florida, Third District.
January 29, 1997.
E. Joseph Ryan, Jr.; Debra Kornbluh, Miami, for petitioner.
Robin H. Greene, Miami, for respondent.
Before SCHWARTZ, C.J., and NESBITT and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
Roberts, the natural father of J.D., a six-year old adjudicated dependent as to his mother by the Dade County Circuit Court, seeks a writ of habeas corpus releasing the child from the custody of the Florida Department of Children and Families. We grant the application.
As a result of the mother's admitted inability to care for the child and the fact that the father was then in prison, J.D. was placed, along with his two half-siblings, with a relative of the mother. After the department had voluntarily dismissed a dependency petition against the petitioner, who had by then been released, he sought but was denied the custody of the child. Because there was no evidence, let alone the indispensable finding that the placement "would endanger the safety and well-being of the child," the mandatory terms of section 39.41(1), Florida Statutes (1995)[1] require that he be given custody. Contrary to the department's position here, the statute does not permit an independent judicial consideration of the "best interests" of the child. See C.S. v. S.H., 671 So.2d 260 (Fla. 4th DCA 1996), review denied, 680 So.2d 424 (Fla. 1996)(courts lack authority to deviate from statutory requirements as to placement of dependent child); see also In re Guardianship *52 of D.A. McW, 460 So.2d 368 (Fla.1984); Murphy v. Markham-Crawford, 665 So.2d 1093 (Fla. 1st DCA 1995), review denied, 675 So.2d 928 (Fla.1996). Compare § 61.13(2)(b)(1), Fla. Stat. (1995) ("[t]he court shall determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child"); Rumph v. V.D., 667 So.2d 998, 999 (Fla. 3d DCA 1996)(Schwartz, C.J., specially concurring)(applying § 39.41(4)(b) which provides that placement of child need not be changed "if it is in the child's best interest to remain in the current placement," noting that there was no "clear and binding statutory or common law basis for choiceas would be the case, for example, if one of the contestants were the child's natural parent"). Rather, section 39.41(1) represents a determination that, in the present circumstances, the interests of society, for which the legislature speaks, are best served by placing the child with his parent. We are bound by that decision.
Habeas corpus is therefore granted and the respondent is ordered to transfer custody of the child[2] to the petitioner forthwith.[3],[4],[5]
Habeas Corpus granted.
NOTES
[1] 39.41 Powers of disposition.

(1) When any child is adjudicated by a court to be dependent, and the court finds that removal of the child from the custody of a parent is necessary, the court shall first determine whether there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child and, if such parent requests custody, the court shall place the child with the parent unless it finds that such placement would endanger the safety and well-being of the child. [emphasis supplied.]
[2] The trial court may in its discretion determine that the father's custody shall be under its supervision. § 39.41(1)(b), Fla. Stat. (1995).
[3] The department is free to seek any relief with respect to the child to which it may be entitled under the law.
[4] Because it is not properly cognizable in habeas corpus, we do not address the petitioner's claim that the trial court erroneously ordered that he be psychologically tested.
[5] This order is effective immediately, without regard to the filing or disposition of any motion for rehearing.