.PLEUS, J.
This is an appeal of a dependency order entered as to the mother. Although we affirm the adjudication, we agree with the mother that the order of dependency finding evidence of abuse should be corrected to conform with the oral pronouncement that the basis' of the dependency was a finding of prospective neglect.
■As the mother • points out, the , trial court’s oral pronouncement at the adjudication hearing differs from the finding made in the written order of .dependency. In its oral pronouncement, the trial court concluded that the Department had met its burden of showing, by a preponderance of the evidence, prospective neglect by the mother. In its written order filed subsequent to the disposition hearing, the trial court found that the domestic violence between the mother and her paramour caused the children to suffer abuse. The written findings must be amended to conform with the oral pronouncement. D.F., Jr. v. State, 650 So.2d 1097 (Fla. 2d DCA 1995); NM. v. Department of Children and Families, 785 So.2d 530 (Fla. 3d DCA 2001).
The fact that a remand is necessary to have the written order amended does not mean that the underlying adjudication of dependency, based on prospective neglect, must be reversed. To the contrary, competent substantial evidence of prospective neglect was presented at the hearing; The children’s health was in dan’ger of being significantly impaired by the *214 acts of domestic violence that took place in the children’s presence and by the mother’s refusal to end her troubled relationship with the paramour. § 39.01(45), Fla. Stat. (2001); D.D. v. Department of Children and Families, 773 So.2d 615 (Fla. 5th DCA 2000).
The adjudication of dependency is affirmed, but this case is remanded for entry of written findings consistent with the trial court’s oral pronouncement. On remand, the trial court is reminded that a disposition order for an out-of-home placement must contain a written determination in accordance with section 39.521(l)(f), Florida Statutes (2001). Such a disposition order should be entered, if same has not been entered during the pendency of this appeal.
DEPENDENCY AFFIRMED; REMANDED WITH INSTRUCTIONS.
PETERSON and PALMER, JJ., concur.