832 So.2d 838 (2002)
D.S., Mother of S.S., S.S., S.S., etc., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, et al., Appellee.
No. 5D02-38.
District Court of Appeal of Florida, Fifth District.
November 15, 2002.
Rehearing Denied December 26, 2002.
*839 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Senior Attorney, Dept. of Children and Families, Kissimmee, for Appellee.
Timothy A. Straus of Moyer, Straus & Patel, P.A., Altamonte Springs, for Appellee Father.
THOMPSON, C.J.
D.S. the mother, appeals the trial court's orders in this dependency case.
The Department of Children and Family Services ("Department") petitioned for an order of dependency alleging among other things that the mother neglected the children by failing to secure suitable housing. It further alleged that the father had abandoned the children. The trial court found that the children were not dependent with respect to the father, but that they were dependent with respect to the mother. The mother conceded dependency at the adjudicatory hearing, but appeals the trial court's determination that the children had not been abandoned by the father, its order that three of the couple's children be placed with the father in California, and its order that the mother obtain counseling.
At the adjudicatory hearing, the court heard testimony about the father's efforts to remain in contact with the children, the mother's apparent efforts to thwart that contact, the father's efforts to gain employment, and the father's (less than stellar) efforts to support the children. Based on that testimony, we conclude that the evidence supports the trial court's determination, and that it cannot be said that as a matter of law, the father abandoned the children. See In re M.F., 770 So.2d 1189, 1192 (Fla.2000) ("A court's final ruling of dependency is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record").
The court properly placed the younger children with the father. Section 39.521(3)(b), Florida Statutes, requires placement with a non-offending parent in the absence of a showing that the child would be endangered thereby:
If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the *840 child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental or emotional health of the child.
This court held in M.M. v. Department of Children and Families, 777 So.2d 1209 (Fla. 5th DCA 2001), that the best interest standard does not apply under this section, and that in the absence of evidence of endangerment, the non-offending parent is entitled to custody. Furthermore, the trial court found it would be better if the children lived with the father than in separate locations with non-relatives.
At the disposition hearing, the mother's counsel objected to the fact that the father provided his own "home study," stating, "I don't think that's the way the statute really intends this to be done." On appeal, the mother contends that the home study must be conducted by the Department. Even if the statute contemplates a professional home study, we think the mother, who does not contend that there is anything spurious about the home study and who had ample prior opportunity to object to the home study, waived this issue by failing to raise it until the disposition hearing. Cf., Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991).
Finally, we see no abuse of discretion in approving that part of the case plan that requires the mother to obtain counseling. The record supports the trial court's finding that the mother's situation was not solely a result of lack of finances.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.