864 So.2d 486 (2004)
B.C., Father of S.C. and D.C., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D03-1680.
District Court of Appeal of Florida, Fifth District.
January 2, 2004.
*487 R. Mitchell Prugh of Middleton & Prugh, P. A., Melrose, for Appellant.
John H. Traphofner of Department of Children and Families, Palatka, for Appellee.
ORFINGER, J.
B.C., the biological father of S.C. and D.C., appeals an order adjudicating S.C. and D.C. dependent. B.C. argues that the trial court's written order of dependency did not conform to the court's oral pronouncement. He also contends that the adjudication of dependency was erroneous because he was willing and able to care for the children and was a non-offending parent. We reverse and remand the matter for further proceedings.
S.C. and D.C., both under the age of four, resided solely with their mother, M.N., until they were taken into State custody. The dependency case was initiated when the Department of Children and Families ("the Department") filed an Affidavit and Petition for Placement in Shelter, requesting that the court shelter S.C. and D.C. The petition alleged that the *488 mother had a history of abusing drugs and alcohol, resulting in S.C.'s removal in the past, and that the mother had relapsed, placing the children at imminent risk. In addition, the Department alleged that B.C., the father, had a history of violence and involvement with illegal drugs. The shelter order found probable cause to believe that the children were at risk from both the mother and the father and ordered that the children be placed in the temporary custody of the Department. Thereafter, the Department filed a petition for dependency. However, the dependency petition made no allegations as to B.C., as the Department dropped all allegations against him.
B.C., through counsel, denied the petition for dependency, while the mother consented to the petition. At the arraignment, the following exchange occurred:
MR. PRUGH [Father's counsel]: The Father would enter a denial.
THE COURT: Okay.
MR. BRADLEY [Mother's counsel]: Your Honor, although my client won't deny the allegations, she will consent to the case plan that (inaudible)
THE COURT: I'll have to do one for the mother in this case. (inaudible)
MR. PRUGH: Yes, Your Honor.
I do not believe the children are dependent, so we would ask that an adjudication of dependency not be entered at this point until at leasta future hearing, because we believe we have an actual Father who is fit and able to take custody of the children but for the allegations against him.
MR. TRAPHOFNER [Department's Counsel]: Your Honor, may I?
I think Mr. Prugh and I continue the longstanding debate. He doesn't like the statute, he doesn't believe the statute is Constitutional, doesn't think a child can be found dependent based upon allegations against a single parent alone, which, of course, the statute provides for.
However, an adjudication would not be entered until the time of dependency disposition.
So I would ask the Court to find at this time that thebased upon the Mother's consentthat the child is dependent, withhold adjudication until the disposition hearing, at which time, if Mr. Prugh's client [the father] ishas no allegations against him, has a positive home study, there's not going to be an issue there.
If he doesn't, then there may very well be an issue that will be discussed.
MR. PRUGH: We have no objection, Your Honor, to that procedure, other than the home study requirement, but we can address that later.
THE COURT: Okay. All right.
I'll accept the Mother's consent, the Father's denial, and withhold adjudication of dependency.
(Emphasis added). A disposition date, acceptable to all the parties, was then set. In the interim, B.C. filed a motion for temporary and permanent custody of his children.
A week prior to the disposition hearing, the trial court entered a written order from the earlier arraignment hearing. The written order stated that "[b]ased on the mother's consent, the Court finds the child(ren) to be dependent within the intent and meaning of Chapter 39.01(14)(a), Florida Statutes." Thus, the written order did not withhold adjudication of dependency, as had been agreed at the arraignment hearing. Where there is a difference between the court's oral pronouncement and its written order, the oral pronouncement controls. See D.F., Jr. v. *489 State, 650 So.2d 1097 (Fla. 2d DCA 1995). The Department concedes that the scrivener's error should be corrected to reflect the agreement of the parties and the court's oral pronouncement. To the extent that the order needs clarification, we remand the matter to the trial court. See Y.G. v. Dep't of Children & Families, 830 So.2d 212 (Fla. 5th DCA 2002).
Of more significance, B.C. argues that section 39.01(14)(a) was not intended to allow children to be found dependent when the allegations are against only one parent and there exists another fit nonoffending parent willing to assume custody.
Section 39.01(14), Florida Statutes (2003), provides the following definition:
(14) "Child who is found to be dependent" means a child who, pursuant to this chapter, is found by the court:
(a) To have been abandoned, abused, or neglected by the child's parent or parents or legal custodians;
* * *
(f) To be at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians.
(Emphasis added). Based on the inclusion of "parent or parents" in section 39.01(14), the Legislature's intent to permit a finding of dependency based on allegations against only one parent is clear and unambiguous. When a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent. City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla.1993).
In Department of Health and Rehabilitative Services v. P.H., 659 So.2d 1375, 1377 (Fla. 1st DCA 1995), the first district court addressed the issue of legislative intent in determining whether a chapter 39 finding of dependency required findings against both parents, holding:
We construe the legislature's use of the disjunctive "or" to designate a single parent or parents, and the inclusion of custodians as persons whose conduct may result in a finding that a child is dependent, as indicative of legislative intent that a finding of dependency can be predicated upon the neglect of one parent, both parents, or the custodians of a minor child, depending upon the circumstances of the particular case. Case law on this subject has applied dependency provisions in this manner. See, e.g., C.F. v. Department of Health and Rehabilitative Services, 649 So.2d 295 (Fla. 1st DCA 1995); In the Interest of J.J. and J.J., 570 So.2d 1078, 1079 (Fla. 1st DCA 1990); In the Interest of L.S., 592 So.2d 802 (Fla. 4th DCA 1992).
The court further observed that, in addition, the 1994 amendments to section 39.404(3)(c)[1] state in part: "The petition need not contain allegations of acts or omissions by both parents." Id. The statute now in effect, section 39.501, Florida Statutes (2003), contains the same language.[2]See also J.V. v. Dep't of Health & *490 Rehabilitative Servs., 661 So.2d 1263, 1265 n. 2 (Fla. 1st DCA 1995).
This court has also recognized the application of chapter 39 dependency to "nonoffending" parents. In J.P. v. Department of Children and Families, 855 So.2d 175 (Fla. 5th DCA 2003), this court rejected the argument that a non-offending father could not be required to participate in a case plan. This court determined that the trial court had the authority to order the father to submit to a psychological evaluation as an element of the case plan after the child was adjudicated dependent as to the mother and removed from her custody, even though child was not adjudicated dependent as to the father.
Lastly, section 39.521, Florida Statutes (2003), provides the procedure to be followed for placement of a dependent child:
(3) When any child is adjudicated by a court to be dependent, the court shall determine the appropriate placement for the child as follows:
* * *
(b) If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child. If the court places the child with such parent, it may do either of the following:
1. Order that the parent assume sole custodial responsibilities for the child.
2. Order that the parent assume custody subject to the jurisdiction of the circuit court hearing dependency matters.
(Emphasis added).
When read together, sections 39.01(14)(a) and 39.521, Florida Statutes (2003), provide a comprehensive framework supporting the Department's position for finding children dependent as to one parent only. Nevertheless, if there is a fit and able non-offending parent willing to take custody, "the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child." See § 39.521, Fla. Stat. (2003); Roberts v. Fla. Dep't of Children & Families, 687 So.2d 51, 51 (Fla. 3d DCA 1997) (finding that because there was no evidence nor any finding that the placement "would endanger the safety and wellbeing of the child," the mandatory terms of section 39.41(1),[3] Florida Statutes (1995), required that the father be given custody; statute does not permit an independent *491 judicial consideration of the "best interests" of the child).
B.C. also argues that section 39.01(14)(a) is unconstitutional in that permitting an adjudication of dependency, when there is a non-offending parent willing and able to take immediate custody, violates Florida and federal due process and privacy rights. A distinction is drawn between challenges to the facial unconstitutionality of a statute and the unconstitutionality of the application of the statute to the facts of a particular case. The former may be raised for the first time on appeal; the latter must first have been raised at the trial level. Thus, application of an unconstitutional statute constitutes fundamental error, whereas unconstitutional application of an otherwise constitutional statute does not. Alexander v. State, 450 So.2d 1212, 1216 (Fla. 4th DCA 1984).
B.C. did not specifically challenge the constitutionality of chapter 39 to the court below, but clearly indicated his intent to do so. Given that the court advised the parties that it was withholding adjudication, B.C. was not on notice that the statute would be applied to him until the written order, adjudicating the children dependent, was rendered. On remand, B.C. should be given the opportunity to challenge the constitutionality of the statute, as it applies to him.
Under the current statutory scheme, if an adjudication of dependency were entered, B.C., as a non-offending parent, would be entitled to custody of the children unless the placement was shown to endanger the children. See § 39.521, Fla. Stat. (2003). The non-offending parent's presumptive right to custody is mandatory and not subject to a separate determination of the child's best interests. See Roberts, 687 So.2d at 51.
At the disposition hearing, all parties are permitted to present evidence and argument. § 39.501(3)(b), Fla. Stat. (2003). In the case of a non-offending parent seeking custody, the statute is designed to recognize the State's compelling interest in the safety of children by the least restrictive means possible. The statute protects the interests of the child by requiring that, at a minimum, a home study be conducted and made available to the court prior to placement. This procedure is not an unconstitutional imposition on a non-offending parent, but an appropriate and narrowly designed effort to ensure that placement with the "non-offending" parent will not endanger the child.
We remand this matter with instructions to conform the written order to the court's oral pronouncement. B.C.'s constitutional arguments are, at this point, premature. On remand, B.C. is free to question the constitutionality of the of the statute, as applied to him. As a nonoffending parent, B.C. would be entitled to placement at disposition unless the placement was shown to endanger the children. See § 39.521, Fla. Stat. (2003).[4]
REVERSED AND REMANDED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] Section 39.404 was renumbered as section 39.501, and amended by chapter 98-403, section 62, Laws of Florida 1998, effective Oct. 1, 1998.
[2] 39.501. Petition for dependency

(1) All proceedings seeking an adjudication that a child is dependent shall be initiated by the filing of a petition by an attorney for the department, or any other person who has knowledge of the facts alleged or is informed of them and believes that they are true.
(2) The purpose of a petition seeking the adjudication of a child as a dependent child is the protection of the child and not the punishment of the person creating the condition of dependency.
(3)(a) The petition shall be in writing, shall identify and list all parents, if known, and all current legal custodians of the child, and shall be signed by the petitioner under oath stating the petitioner's good faith in filing the petition. When the petition is filed by the department, it shall be signed by an attorney for the department.
(b) The form of the petition and its contents shall be determined by rules of juvenile procedure adopted by the Supreme Court.
(c) The petition must specifically set forth the acts or omissions upon which the petition is based and the identity of the person or persons alleged to have committed the acts or omissions, if known. The petition need not contain allegations of acts or omissions by both parents.
(Emphasis added).
[3] Section 39.41 was renumbered as section 39.508 and amended chapter 98-403, section 69, Laws of Florida 1998, effective Oct. 1, 1998. Section 39.508 was renumbered as section 39.521 and amended by chapter 2000-139, section 23, effective July 1, 2000.
[4] Once a court has legal custody of a child, the court should not relinquish that child to the non-custodial parent without some indication that the parent is able to care for the child appropriately. See Dep't of Children & Families v. Benway, 745 So.2d 437, 439 (Fla. 5th DCA 1999).