871 So.2d 306 (2004)
L.P., father of J.Q., a child, Appellant,
v.
DEPARTMENT OF CHILDREN and FAMILIES, Appellee.
No. 1D02-3950.
District Court of Appeal of Florida, First District.
April 20, 2004.
*307 Nancy Leonard Harvey, Quincy, for Appellant.
Alexandria E. Walters, Dept. Of Children and Families, Quincy, for Appellee.
HAWKES, J.
Appellant, a non-offending father, appeals from a non-final order denying him custody of his 17 month-old, developmentally disabled son. The question we are asked to resolve is whether the record contains competent, substantial evidence to support the trial court's conclusion that it was not "suitable" for Appellant to rely on his disabled fiancée, relatives, and various social agencies to assist him with child care during his working hours. We find it does not, and reverse.
Following an adjudication of dependency, the child was removed from his mother's custody and placed with his maternal grandmother. Appellant was never married to, nor does he reside with, his child's mother. For the last 2½ years he has lived with his fiancée, who is confined to a wheelchair.
Following a dependency hearing, the trial court dismissed the dependency petition against Appellant, finding he neither abandoned his child nor failed to pay child support. Appellant sought custody, and a hearing was held. At the hearing, evidence was presented that Appellant had a stable job and home, but worked an evening shift, often until 11:00 p.m. Evidence was also presented that, between August 1994 and December 6, 1999, all prior to the child's birth, Appellant had five admissions to a detox facility for alcohol dependency, each admission lasting approximately two days.
Appellant underwent two home studies. The first recommended placement with Appellant, while the second did not recommend this placement solely because "no suitable or specific arrangements" had been made for the child's supervision while Appellant was at work. However, it was uncontested that Appellant's fiancée previously worked at the Center for Independent Living as their information and referral specialist, and was familiar with the various agencies and programs in Tallahassee that could provide assistance to Appellant and the child. Additionally, there was testimony that several family members were also available to assist with child care while Appellant worked in the evening.
Following the hearing, the trial court correctly noted that, because Appellant was a non-offending parent, the law requires he be granted custody unless it would compromise the child's physical, mental or emotional health, safety or wellbeing. The trial court acknowledged Appellant had "done well in the last several years," but that within the last eight years, Appellant was involved with drugs and alcohol, and had been in prison. The trial court noted Appellant's last admission to a detox facility was in December of 1999, one month before the birth of his son. The trial court found Appellant had been "less than forthright in his testimony at times," in that during the first proceeding he could not remember if he had been in detox, and at the second proceeding he remembered he had been three to four times.
The trial court further noted Appellant's fiancée has physical limitations that prevent her from "chasing around" a two or three year old and, although Appellant made arrangements for child care in his *308 home, in the court's opinion, it would be difficult to keep someone full-time because of the late hours. For these reasons, the trial court denied Appellant's motion for custody, concluding placing the child with Appellant would compromise the child's safety and mental, physical, and emotional well-being. In so doing, the trial court erred.
Section 39.521(3)(b), Florida Statutes (2002), provides that, following an adjudication of dependency,
(b) If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child.
Id.; see also M.M. v. Dep't of Children & Families, 777 So.2d 1209 (Fla. 5th DCA 2001). The "best interest" standard does not apply under this section, and in the absence of evidence of endangerment, the non-offending parent is entitled to custody. See D.S. v. Dep't of Children & Families, 832 So.2d 838 (Fla. 5th DCA 2002). A natural parent cannot be denied custody of his child unless evidence demonstrates compelling reasons that the parent is unfit or otherwise unable to exercise custody, and that placing the child with the parent would endanger the child's safety and wellbeing. See In the interest of M.K.S., 726 So.2d 309 (Fla. 2d DCA 1998).
Here, the trial court's findings do not demonstrate "compelling reasons" which indicate Appellant is unfit or that the child would be endangered if placed in his custody. There was no evidence that Appellant currently has an alcohol problem, became intoxicated after 1999, or that he ever had a drug problem. Significantly, there is no evidence that Appellant became intoxicated at all after the birth of his son in January, 2000, much less that his intoxication would endanger the child. Neither home study indicated Appellant's home was inappropriate. The only concern about placing the child with Appellant related to available evening child care. However, the uncontested evidence was that several family members were available to assist Appellant and his fiancée with evening child care, and child care was also available through various agencies Appellant's fiancée knew quite well. The trial court's opinion that it would be difficult to keep someone full-time was based on speculation, not on any evidence presented. As an aside, we note that many single, working parents face similar child care problems. Surely, these problems do not render their children dependent on the State of Florida.
Because there are no compelling reasons demonstrating the child would be endangered if placed in Appellant's custody, the trial court abused its discretion by denying Appellant custody of his child. Accordingly, we reverse and remand for the trial court to place Appellant's child in his custody.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAVIS, J., concurs in result; VAN NORTWICK, J., concurs.