PER CURIAM.
G.S.H., the father, files this appeal from the trial court’s denial of his motion to modify placement of his child, M.H., pursuant to section 39.521(3)(b), Florida Statutes (2003). He argues that the trial court applied the wrong legal standard in denying the motion and that there was insufficient evidence to support that denial. We agree and reverse.
After the mother, K.H., consented, the trial court entered an Order of Adjudication of Dependency which provided that M.H. remain in the physical and legal custody of her maternal grandparents. The father filed his motion to modify custody alleging that he had custody of the child who was born in 1998 until she was three, he paid child support at all times and he was prevented from seeing her by the mother for two years. A home study of the father prepared by DCF was filed with the court. The home study provides that the custody by the father is approved only if he continues to live with his parents. He testified that he has no intention of leaving.
M.H.’s case worker testified that she had not met the father but believed that the child would be well taken care of in the father’s home as long as he remains with his parents. M.H. is doing well in her maternal grandparents’ home and has bonded with her older sister who lives there with her. The mother, however, has had ample time to satisfy her case plan but has missed some sessions and not completed certain required courses.
In denying the motion, the trial court found that M.H. was in a stable placement with her maternal grandmother and her sister and that the mother visits with M.H. frequently. These visits would be limited if M.H. lived with her father in Citrus County, Florida. The trial court concluded, “[i]t is not in the best interest of the *468 child to separate her from her sibling in order to be placed with her father.”
Section 39.521(3)(b), Florida Statutes (2003), entitled “Disposition hearings; powers of disposition,” provides:
3) When any child is adjudicated by a court to be dependent, the court shall determine the appropriate placement for the child as follows:
[[Image here]]
(b) If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child. Any party with knowledge of the facts may present to the court evidence regarding whether the placement will endanger the safety, well-being, or physical, mental, or emotional health of the child....
As the court held in M.M. v. Department of Children & Families, 777 So.2d 1209 (Fla. 5th DCA 2001):
This statute requires the court to place a child adjudicated to be dependent as to one parent with the child’s remaining (non-residential) parent upon request, unless the court “finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child.” The decision is not optional with the court — the statute says the court “shall” make such a placement.
Id. at 1212 (citations omitted); see also L.P. v. Dep’t of Children & Families, 871 So.2d 306 (Fla. 1st DCA 2004); D.S. v. Dep’t. of Children & Families, 832 So.2d 838 (Fla. 5th DCA 2002); Roberts v. Fla. Dep’t of Children & Families, 687 So.2d 51 (Fla. 3d DCA 1997).
In making its decision below, the trial court used the improper standard of “best interest of the child” and did not make the indispensable finding concerning endangerment.
In L.P. v. Department of Children & Families, 871 So.2d 306 (Fla. 1st DCA 2004), the father of a seventeen-month-old developmentally disabled son sought custody of his son under section 39.521(3)(b), Florida Statutes (2002). The father had not been married to the mother but now lived with his fiancée who was in a wheelchair. The father had a steady job and home, worked the evening shift until 11:00 P.M., and prior to the child’s birth had five admissions to a detox facility for two days each. There were two home studies, the first of which was positive and the second of which did not recommend placement solely because there was no suitable or specific arrangement for the child while the father was at work. The fiancée had worked at the Center for Independent Living and was familiar with agencies that could provide assistance to the father and child. There were also family members available to assist them.
The trial court denied the father’s motion because of his “less than forthright” testimony about his detox admissions. Id. at 307. It also determined that the fact that the fiancée was in a wheelchair limited her ability to care for the child and although the father had arranged for full-time child care, the trial court thought that this would be difficult to maintain because of the late hours.
On appeal, the district court held:
The “best interest” standard does not apply under this section, and in the absence of evidence of endangerment, the non-offending parent is entitled to custody. See D.S. v. Dep’t of Children & *469 Families, 832 So.2d 838 (Fla. 5th DCA 2002). A natural parent cannot be denied custody of his child unless evidence demonstrates compelling reasons that the parent is unfit or otherwise unable to exercise custody, and that placing the child with the parent would endanger the child’s safety and well-being. See In the Interest of M.K.S., 726 So.2d 309 (Fla. 2d DCA 1998).
Id. at 308. The district court found that those compelling reasons did not exist and the trial court abused its discretion in denying custody to the father. It reversed and remanded for the trial court to place the child in the father’s custody.
Here, the trial court’s findings do not show “compelling reasons” to deny the father’s motion. The father’s home study was positive and his mother was available to care for M.H. There is insufficient evidence from which the trial court could make a finding of endangerment to the child.
Without compelling reasons which show the child would be endangered in the father’s custody, the trial court abused its discretion in denying the father’s motion. We reverse and remand for the trial court to place M.H. in the father’s custody.
REVERSED and REMANDED for proceedings consistent with this opinion.
STEVENSON, GROSS and HAZOURI, JJ., concur.