HAWKES, J.
Appellant, the offending mother of a dependent child, appeals the trial court’s order changing her case plan goal from reunification, to placing the child in the permanent custody of his natural father, a non-offending parent. Appellant argues that, because the trial court found she substantially complied with her case plan and the case plan goal throughout the proceedings was reunification, section 39.701(9)(b), Florida Statutes (2004) mandates the court return the child to her. We affirm.
When a child is adjudicated dependent, the court is required to place the child with a non-offending parent if one is available and certain conditions are met. See § 39.521(3)(b), Fla. Stat.; see also L.P., father of J.Q. v. Dep’t of Children & Families, 871 So.2d 306 (Fla. 1st DCA 2004). Those conditions are met here. Under these circumstances, the court may order the non-offending parent to assume sole custodial responsibility. See § 39.521(3)(b)l., Fla. Stat. (2004). However, prior to making the change in custody, the court must determine the change is in the best interest of the child. See § 39.521(3)(b)2„ Fla. Stat. (2004). No argument is made that, prior to placing the child with the father, the court failed to consider the best interest of the child.
Clearly, substantial compliance with a case plan is a prerequisite to reuniting a parent and a dependent child. See § 39.522(2) and § 39.701(9)(b), Fla. Stat. (2004). However, compliance by itself, does not mandate reunification with the offending parent under these circumstances. Here, the father was a non-offending parent, the court was required to place the child with his father, and it was within the court’s discretion to give permanent custody to the father. Since the court may place permanent custody with the non-offending father, it cannot be required to return custody to Appellant, simply because she substantially complied with, or completed her case plan.
The trial court did not err by placing permanent custody of the child with his father. The trial court’s order is
AFFIRMED.
ALLEN, and LEWIS, JJ., concur.