PALMER, J.
Dennis J. Baumgardner (father), has filed a petition with this court seeking a writ of certiorari or a writ of habeas corpus regarding the trial court’s non-final order which directed that his children stay in the custody of their stepfather until further order of court. For the reasons set forth below, the petition is denied without prejudice to the father seeking appropriate relief below.
The father entered into a stipulation with the children’s mother, Tonya Vercillo (mother), to modify their final judgment of dissolution of marriage. The modification provided that the parties would share equally in the care, custody and control of their children on a rotating basis, with custody to change every six months. Pursuant to the stipulation, the mother executed two additional documents: a written plea of no contest to a charge of indirect criminal contempt and a declination of prosecution. The charge of indirect criminal contempt stemmed from the mother’s failure to abide by the terms of the parties’ final dissolution judgment. The declination of prosecution related to a criminal complaint which the mother had initiated against the father.
As a result of her no contest plea, the mother was sentenced to a term of 90 days’ incarceration, suspended upon the condition that she abide by the terms set forth in the parties’ final dissolution judgment. The trial court also placed her on probation for a period of one year. The trial court further approved the parties’ pretrial stipulation to modify the terms of their final dissolution judgment.
The mother thereafter returned to Illinois with the parties’ three minor children. However, on the date the father was to receive custody of the children, the mother obtained an emergency order of protection in an Illinois court preventing the father from having access to the children. The father returned to Florida and executed an affidavit setting forth the mother’s actions in denying him contact with the children. This affidavit was filed with the trial court and formed the factual basis for the issuance of an order directing the mother to appear for a violation of probation hearing. At the subsequent violation of probation hearing, the trial court found that the mother had willfully violated the terms of her probation and remanded her into custody for a period of 90 days.
The trial court then ruled that since the hearing was on a violation of probation, not custody issues, the children would remain in the custody of their stepfather. The court further noted that the Illinois protec *516 tion order remained in full force and effect. The father now seeks review of this order.
First, habeas corpus relief is not an appropriate remedy because the father is not seeking the release of his children from a state agency such as the Department of Children and Families. Compare Roberts v. Dep’t of Children & Families, 687 So.2d 51 (Fla. 3d DCA 1997).
Second, certiorari would be an appropriate remedy if the father could show a clear departure from the essential requirements of law, causing irreparable injury which cannot be adequately remedied on plenary appeal. Belair v. Drew, 770 So.2d 1164 (Fla.2000).
In attempting to sustain this burden of proof, the father first argues his due process rights were violated when the trial court “effectively modified” the parties’ custody arrangement. More specifically, he contends that he was not given notice and an opportunity to be heard regarding the alleged custody change. He further argues that the trial court failed to find that there was a substantial change in conditions before ordering the alleged change in custody. We disagree as to both claims.
Contrary to the father’s position, the trial court did not improperly change custody as to the children. In fact, the court made no ruling upon custody, specifically finding that the hearing was on “a violation of probation, not custody issues.”
The trial court appears to have ordered the children to remain with the stepfather at the conclusion of the VOP hearing simply because that was the only viable option available at the time. The mother had just been sentenced to spend 90 days in jail and the father was prevented from having contact with the children due to the existence of the Illinois emergency order of protection. The court’s order expressly contemplated a subsequent hearing on the Illinois order. As such, the father can seek modification of custody, in light of the apparent change in circumstances subsequent to entry of the final judgment modifying custody.
PETITION DENIED.
SHARP, W. and SAWAYA, JJ„ concur.