ROBERTS, J.
E.B., the father, appeals from the trial court’s denial of his motion to modify placement of his children, A.B. and J.B., pursuant to section 39.521(3)(b), Florida Statutes (2006). He argues that there were not sufficient findings to support the denial and that the trial court applied the wrong legal standard. We agree and reverse.
Based upon the consent of N.B., the mother, the trial court entered an order of adjudication of dependency providing that the children remain in the custody of the Department of Children and Families (the Department) in foster care. The Department filed a motion for priority placement of the children with the father under the Interstate Compact on the Placement of Children. A home study of the father was prepared by the Ohio Department of Job and Family Services and filed with the trial court. The home study provided that the father was able to provide a stable and secure home to the children at that time and that he did not have a criminal record. Based upon the positive home study, the father filed a motion for modification of placement of the children with him.
In its written order, the trial court found that it was in the children’s best interest to remain in foster care and that there were questions concerning the out-of-state placement of the children with the father due to home study concerns arising out of the domestic violence incident between the father and the mother. Based upon those findings, the trial court ordered *507 the children remain adjudicated dependent and in foster care until further order.
Section 39.521(3)(b), Florida Statutes (2006), provides that, following an adjudication of dependency,
[i]f there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child. Any party with knowledge of the facts may present to the court evidence regarding whether the placement will endanger the safety, well-being, or physical, mental, or emotional health of the child.
As this Court explained in L.P. v. Department of Children & Families, 871 So.2d 306, 308 (Fla. 1st DCA 2004) (citations omitted):
The “best interest standard” does not apply under this section and in the absence of evidence of endangerment, the non-offending parent is entitled to custody. A natural parent cannot be denied custody of his child unless evidence demonstrates compelling reasons that the parent is unfit or otherwise unable to exercise custody, and that placing the child with the parent would endanger the child’s safety and well-being.
The trial court stated at the hearing that it found that placement with the father would be dangerous, but did not carry that finding over into its written order. In the written order, the trial court used the improper “best interest standard” and expressed concern over the home study finding of a domestic violence incident between the mother and the father. The home study, however, included no such finding. Since the home study approved the placement, the trial court was required to place the children with the father unless it made findings that such placement would endanger the children. See In the Interest of K.M., 946 So.2d 1214, 1219 (Fla. 2d DCA 2006).
Children have the right to be raised by their parents. If a child is adjudicated dependent as to one parent, the non-offending parent should be given custody unless the trial court finds that parent to be unfit or that the child would be endangered if placed in his or her custody. Because the oral and written findings were inconsistent and the incorrect “best interest” standard was used to determine whether the children could be placed with their father, the trial court abused its discretion in denying the motion.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAVIS and LEWIS, JJ., concur.