969 So.2d 569 (2007)
G.M., as the parent of B.M., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D07-1301.
District Court of Appeal of Florida, First District.
November 30, 2007.
Patricia S. Wihnyk, Gainesville, for Appellant.
Joann M. Humburg, Trenton, for Appellee Department of Children and Families.
Robert Moeller, Cross City, for Appellee S.C.
*570 THOMAS, J.
Appellant, a non-offending father, challenges the trial court's order granting long-term custody of B.M. to her maternal grandmother and terminating protective services supervision by the Department of Children and Families ("the Department"). We affirm.

Facts
The Department removed B.M. from her mother's custody on January 27, 2005, after the mother was admitted for in-patient drug treatment. B.M. was placed with her maternal grandmother, and Appellant was allowed to continue the visitation schedule he was granted following his divorce from B.M.'s mother. Appellant has vigorously opposed B.M.'s current placement and has sought custody of her.
Throughout these proceedings, B.M.'s therapist and guardian ad litem have continuously expressed concerns that Appellant lacks a true emotional bond with his daughter, reporting that Appellant has routinely dismissed requests to attend counseling to strengthen this bond. Furthermore, B.M. has conveyed to her therapist that she does not enjoy the time she spends with her father and wants to live with her grandmother and siblings.
Two separate home studies were completed, and no concerns were found regarding the safety or stability of Appellant's home. In the most recent study, however, the reviewer denied recommending placement with Appellant "due to lack of case plan compliance as to family counseling to address the issues of a meaningful relationship with [B.M.]."
Upon the Department's motion, the trial court heard arguments regarding whether B.M.'s case should be closed to long-term placement, and Appellant's renewed custody request. At the hearing, B.M.'s counselor testified that B.M. feels Appellant does not love her and that B.M. "would be further emotionally harmed if she were taken out of her present environment" and placed with Appellant. The counselor reiterated Appellant rejected her many attempts to involve him in family counseling sessions, and that he refused to change his work schedule in order to spend more time with B.M. Appellant testified that he was aware his case plan required him to follow the recommendations in the comprehensive assessment, which suggested he attend family counseling with his daughter.
Based on the testimony presented, the court found "there is substantial competent evidence that placement with [Appellant] at this time would endanger [B.M.'s] well-being and emotional health," granted B.M.'s maternal grandmother long-term relative custody, and allowed Appellant to continue with his unsupervised visitation. We write to address Appellant's argument that the court abused its discretion by denying placement with him.

Analysis
Section 39.521(3)(b), Florida Statutes (2005), provides in pertinent part:
If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child. Any party with knowledge of the facts may present to the court evidence regarding whether the placement will endanger the safety, well-being, or physical, mental, or emotional health of the child.
This court has held that
[t]he `best interest' standard does not apply under this section, and in the absence *571 of evidence of endangerment, the non-offending parent is entitled to custody. A natural parent cannot be denied custody of his child unless evidence demonstrates compelling reasons that the parent is unfit or otherwise unable to exercise custody, and that placing the child with the parent would endanger the child's safety and well-being.
L.P. v. Dep't of Children & Families, 871 So.2d 306, 308 (Fla. 1st DCA 2004) (citations omitted).
We review a trial court's order denying a father custody of his child under the abuse of discretion standard. Id. Here, based on Appellant's failure to participate in family counseling and spend more quality time with his daughter, the trial court found B.M.'s well-being and emotional health would be endangered if placed with Appellant. We cannot say this was an abuse of discretion. Discretion is abused only where the trial court acts in an "arbitrary, fanciful, or unreasonable" manner and no reasonable person would agree with its view. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). Here, it cannot be said there was an "absence of evidence" of endangering B.M.'s well-being or emotional health. On the contrary, competent, substantial evidence was presented demonstrating that Appellant knew he should attend family counseling to strengthen his ability to protect his daughter's well being and emotional health, yet he failed to do so. Accordingly, we affirm the trial court's order placing B.M. in long-term custody with her maternal grandmother.
Although Appellant raises various points regarding possible defects in the procedural posture of this case, it does not appear that any of his claims were argued below. Thus, any objections to the finding of dependency or specific defects in Appellant's case plan have been waived and are not preserved for our review. See F.L.M. v. Dep't of Children and Families, 912 So.2d 1264, 1268 (Fla. 4th DCA 2005) ("It is clear to us that the Department waived all these alleged procedural defects by failing to assert them at the trial."); R.G. v. Dep't of Children and Family Servs., 792 So.2d 1269 (Fla. 3d DCA 2001) (holding that any due process concerns were barred from consideration on appeal where they were never raised before the trial court).
The trial court's order is AFFIRMED.
VAN NORTWICK and LEWIS, JJ., concur.