992 So.2d 299 (2008)
T.S., Father of C.J., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D08-1064.
District Court of Appeal of Florida, Fifth District.
September 22, 2008.
Jill S. Barger, St. Augustine, for Appellant.
Annette Pitts, Circuit Managing Attorney, Daytona Beach, for Appellee, Department of Children and Families.
Jeffrey Deen, Altamonte Springs, and Mark A. Skipper, Orlando, Office of the Criminal Conflict and Civil Regional Counsel, for the Mother.
COHEN, J.
T.S., a non-offending parent, challenges the trial court's order denying the Department of Children and Families' motion to grant him temporary custody/placement of the minor child. We treat the appeal as a petition for certiorari and grant relief because the trial court departed from the essential requirements of law by applying the best interest of the child standard under section 39.522(1), Florida Statutes (2007), instead of the standard set forth in section 39.521(3)(b) with regard to a non-offending parent who requests custody.
Based upon allegations of the mother's abandonment and the father's unknown residence, the Department sheltered the three-year-old minor and placed him with non-relatives. The mother failed to comply with her case plan. The Department learned that the father, who lived in Ohio, desired to obtain custody of the child and initiated a study of his home pursuant to section 409.401, et seq., Florida Statutes (2007), the Interstate Compact on the Placement of Children ("ICPC"). The Department disapproved the first home study based upon issues in the home, but the father rectified the problems within a few months. The Department then sought a change of custody to the father with protective services supervision. The mother opposed the motion.
*300 After a hearing, the trial court entered an order rejecting the standard urged by the Department under section 39.521(3)(b), and instead employed the best interest standard under section 39.522(1). Finding that some concerns expressed in the second home study were quite substantial and very troubling, the court concluded that a change in custody would not be in the child's best interest.
Section 39.521(3)(b) requires the court to place a child who is adjudicated to be dependent, as to one parent, with the non-residential parent upon request unless the court "finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child." M.M. v. Dep't of Children & Families, 777 So.2d 1209, 1212 (Fla. 5th DCA 2001). The non-offending parent's presumptive right to custody is not subject to a separate determination of the child's best interests. B.C. v. Dep't of Children & Families, 864 So.2d 486, 491 (Fla. 5th DCA 2004). The trial court expressly rejected the correct standard in determining the non-offending father's request for custody. Accordingly, we grant certiorari and quash the trial court's order denying the motion to change custody/placement.
CERTIORARI GRANTED, ORDER QUASHED, and REMANDED.
PALMER, C.J., and GRIFFIN, J., concur.