8 So.3d 1287 (2009)
In the Interest of K.H., a child.
N.T., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Services, Appellees.
No. 2D08-2555.
District Court of Appeal of Florida, Second District.
May 29, 2009.
Jackson S. Flyte, Regional Counsel, Second District, and Christine A. Trakas, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kelley R. Schaeffer, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
*1288 Jennifer S. Paullin of Guardian ad Litem Program, Orlando, for Appellee Guardian ad Litem Program.
DAVIS, Judge.
N.T., the Mother, appeals the trial court's order granting permanent placement of her daughter, K.H., to the maternal grandparents and terminating the supervision of the Department of Children and Family Services (the Department). Both the Department and the Guardian Ad Litem (GAL) have conceded error. Accordingly, we reverse.
The child was originally sheltered in 2006. At that time, however, the Department's petition for dependency was dismissed, the Mother retained custody, and the Department maintained supervision.[1] After a failed home study, the trial court ordered the Mother not to leave the jurisdiction with the child. The Mother, however, took the child to Ohio in violation of the previous court order. Upon her return with the child, contempt proceedings against the Mother were initiated and the child was sheltered. The Department again petitioned for dependency as to the Mother, and the petition again was dismissed after a hearing. The Mother moved to terminate supervision, but the court denied the motion and entered an order granting permanent placement of the child with the maternal grandparents.
On appeal, the Mother argues, among other things, that the trial court erred by applying the best interest standard to determine placement. The Mother maintains that section 39.521(3)(b), Florida Statutes (2008), specifically requires that the child be placed with the nonoffending parent "unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child."
Both the Department and the GAL have conceded that the trial court's use of the best interest standard was erroneous. See T.W. v. Dep't of Children & Family Servs., 946 So.2d 1214, 1218-19 (Fla. 2d DCA 2006) (determining that "trial court abused its discretion by denying [Father's] request for placement of his child ... because no evidence was presented that `such would endanger the safety, well-being, or physical, mental, or emotional health of his child'"); B.C. v. Dep't of Children & Families, 864 So.2d 486, 491 (Fla. 5th DCA 2004) ("The non-offending parent's presumptive right to custody is mandatory and not subject to a separate determination of the child's best interests.").
Because the child here has never been adjudicated dependent as to the Mother, we agree and reverse and remand for the trial court to hold a hearing to determine whether placement with the Mother would endanger the health, safety, or well-being of the child. See § 39.521(3)(b). Prior to the hearing, the court should first determine whether it even has jurisdiction to determine permanent placement of the child in light of the dependency determination as to the child's father or whether the court's previous dismissal of the last petition for dependency, filed only as to the Mother, would preclude such a determination. See § 39.521(1) ("A disposition hearing shall be conducted by the court, if the court finds that the facts alleged in the petition for dependency were proven in the adjudicatory hearing....").
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.
NOTES
[1] The child was separately adjudicated dependent as to her father.