EMAS, J.
R.W., the appellant/father (“Father”), appeals from a final judgment of termination of parental rights. Based upon the commendable confession of error by the Department of Children and Families, and our independent review, we reverse the final judgment.
The final judgment sets forth abandonment[1] as the basis for the termination of Father’s parental rights. However, this conflicts with the trial court’s oral pronouncement at the conclusion of the trial, where the trial court announced: “I won’t find abandonment. I think you are right there is not a[n] abandonment here.” Where there is a conflict between the trial court’s oral pronouncement and its "written order, the oral pronouncement controls. B.C. v. Dep’t of Children and Families, 864 So.2d 486 (Fla. 5th DCA 2004).
Further, although the trial court’s oral pronouncement of termination appears to have been based upon a determination that the continuing involvement of the Father in the parent-child relationship threatens the safety or well-being of the child irrespective of the provision of services[2], the Department acknowledges its amended petition did not allege such a statutory basis, but pleaded only abandonment.
We therefore reverse the final judgment and remand this cause for further proceedings consistent with this opinion.[3]

. See § 39.806(l)(b), Fla. Stat. (2013).

. See § 39.806(l)(c), Fla. Stat. (2013).

. We note that Father, in his initial brief, and the Department, in its confession, agree that the proper course on remand should include the entry of an adjudication of dependency and the establishment of a case plan for Father.