807 So.2d 90 (2002)
D.M., Mother of J.M., J.M., and S.M., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D01-2911.
District Court of Appeal of Florida, Fifth District.
January 4, 2002.
Rehearing Denied February 15, 2002.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Kissimmee, for Appellee.
HARRIS, J.
In this rather unusual dependency case, the children were determined to be dependent as to the father (who does not appeal) but not dependent as to the mother. However, after this determination of non-dependency, the mother announced that she was unable to care for the children and they were placed in the custody of the maternal grandmother. The court, after the mother's announcement of present inability to care for her children, ordered that since the mother was currently incapable of parenting her children, she must participate in a case plan with the goal that she eventually "start parenting effectively and provide the basics that are necessary."
The mother appeals, claiming that the court cannot require a case plan without determining dependency, and that because the Department admitted that she was non-offending and the court found the children dependent only as to the father, it was error to require her to submit to a case plan. We affirm.
Section 39.603(1)(f) provides:
(1) At the hearing on the plan ... the court shall determine:
(f) Whether the plan is meaningful and designed to address facts and circumstances upon which the court based the finding of dependency in involuntary placements or the plan is meaningful and designed to address facts and circumstances upon which the child was placed in out-of-home care voluntarily.

(emphasis added).
By admitting that she was unable to care for her children, even without admitting their dependency, the mother voluntarily permitted the children to be placed in out-of-home care. The court properly ordered a case plan by which the mother *91 could in time resume her parenting responsibilities.
AFFIRMED.
SAWAYA and PALMER, JJ., concur.