855 So.2d 175 (2003)
J.P., Father of A.P., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D03-207.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles D. Peters and Jodi Abramowitz of the Department of Children and Family Services, Orlando, for Appellee.

ON MOTION FOR REHEARING
PALMER, J.
We grant appellant J.P.'s motion for rehearing in part, withdraw our prior opinion, and issue this corrected opinion in its stead.
J.P. (father) appeals the final order entered by the trial court directing him to comply with various terms of a case plan as a condition precedent to his receiving custody of his dependent child, A.P. Concluding that the requirements of the case plan imposed on the father are authorized by Florida law, we affirm.
The Department of Children and Families (DCF) filed a petition for dependency as to both of A.P.'s parents. After conducting a hearing, the trial court issued an order adjudicating A.P. dependent as to the mother, but finding that DCF had failed to sustain its burden of proving that the child was dependent with regard to the father. However, the court reserved ruling on the issue of placement of the child pending a positive home study of the father.
*176 At a subsequent disposition hearing, the court was advised by the father's counsel that the father was not prepared to take custody of the child since he had no stable home or employment, but counsel argued that the father should not be required to participate in a case plan since he was found to have been a non-offending parent. Counsel also objected to portions of the proposed case plan, including requirements that the father complete a batterer's intervention program, a substance abuse evaluation, a psychological evaluation, and a domestic violence program. Upon consideration, the court modified the terms of the proposed case plan, ruling that the father would be required to submit to a psychological examination and then comply with any recommendations made by the evaluator.
The father challenges this ruling, arguing that the trial court erred in ordering him to participate in a psychological examination as part of his case plan since he was found to be a non-offending parent. We disagree.
In Bailey v. Dep't of Health & Rehabilitative Servs., 703 So.2d 1224 (Fla. 5th DCA 1998) this court recognized that section 39.407(14) of the Florida Statutes specifically authorizes trial courts to order mental health examinations in dependency matters upon a showing that the parent's mental condition is in controversy and good cause exists to require an examination. Accord S.N. v. State Dep't of Health & Rehabilitative Servs., 529 So.2d 1156 (Fla. 1st DCA 1988). Section 39.521 of the Florida Statutes (2001) also provides such authority, stating in relevant part:
39.521. Disposition hearings; powers of disposition.
* * *
[1](b) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child has the power by order to:
1. Require the parent and, when appropriate, the legal custodian and the child, to participate in treatment and services identified as necessary.
(Emphasis added).
The instant record demonstrates that the trial court acted within its legal authority in ordering the father to submit to a psychological evaluation as an element of his case plan since the record indicated that the father had participated in incidents of domestic violence and possessed a criminal history which included incidents of violence. Based upon the evidence of record, the trial court properly directed the father to submit to a psychological exam for the purpose of investigating whether any services or mental health counseling would be necessary prior to the time A.P. is placed in his custody. Importantly, the father will be required only to comply with the recommendations made by the evaluator once the testing is completed. As such, the father will not be required to submit to any unnecessary classes or counseling. See B.W. v. Dep't of Children & Families, 842 So.2d 1000 (Fla. 3d DCA 2003)(holding that in a proceeding for adjudication of child as dependent as to mother, trial court's order terminating county's jurisdiction over child and placing child in father's care was premature, where the court placed the child with the father without requiring DCF to complete and file a home study on the father as dictated by statute); D.M. v. Dep't of Children & Families, 807 So.2d 90 (Fla. 5th DCA 2002), rev. denied, 819 So.2d 134 (Fla.2002)(holding that trial court was warranted in ordering a case plan by which the mother could in time resume her parenting responsibilities, though children were not found to be dependent as to the mother, given that mother admitted she *177 was unable to care for her children and voluntarily permitted the children to be placed in out-of-home care).
AFFIRMED.
SAWAYA, C.J., and SHARP, W., J., concur.