949 So.2d 336 (2007)
C.K., the Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Nos. 4D06-3486, 4D06-3578.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
C. Lina Kell, Plantation, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.

*337 ON MOTION FOR RECONSIDERATION OR CLARIFICATION

TAYLOR, J.
We grant appellee's Motion for Clarification, withdraw our previous opinion, and substitute the following in its place.
C.K., the father, appeals from an order finding him unfit for placement of the minor child in his home and requiring the father to comply with the requirements of the Interstate Compact on the Placement of Children (ICPC), as well as to complete other tasks. We affirm the court's order only as to the ICPC study. We reverse those portions of the order that require the father to complete various counseling programs because the trial court lacked a sufficient evidentiary basis for ordering these tasks for the father.
The Department of Children and Families filed a verified petition of dependency of W.K., a child, as to C.C., his mother, and C.K., his father. At the dependency hearing, the court accepted C.C.'s consent to the petition and adjudicated the child dependent with respect to the mother. The proceedings thus concerned W.K.'s dependency as to only the father.
At the conclusion of the hearing, the court held that the state had not proved by a preponderance of the evidence the allegations of the petition with respect to the father. W.K. was placed in the temporary legal and physical custody of a non-relative caregiver with whom he had been residing for a year and a half. The dependency order was silent as to the father.
Two weeks after the dependency hearing, the trial court conducted a hearing regarding the father's fitness for the child's placement with him. The court found that the father was not fit for placement because of prior domestic violence issues with W.K.'s mother, his pattern of engaging in sexual relations with female minors, and his failure to adequately support his other children. The court ordered the father to comply with the ICPC and to complete a batterer's intervention program, parenting classes, a psychological evaluation, and a psychosexual evaluation and therapy "if recommended." Further, the trial court prescribed psychological counseling and a transition period for the child to ameliorate the traumatizing effects of removing him from his caretaker, with whom he had a "strong bond."
The Department concedes that denying the father placement on the basis of the domestic violence issues and sexual contact with female minors was improper as there was no sufficient connection between those issues and endangerment to W.K. As to the additional requirements announced by the trial court at the fitness hearing, we hold that the court erred by entering those obligations. The trial court does have the authority to require a non-offending parent to participate in treatment and services. See § 39.521(1)(b), Fla. Stat.; J.P. v. Dep't of Children & Families, 855 So.2d 175 (Fla. 5th DCA 2003); D.M. v. Dep't of Children & Families, 807 So.2d 90 (Fla. 5th DCA 2002). We find here, however, that there is insufficient evidence to support such requirements as to W.K.
We affirm, however, the trial court's order as to the requirement that the father comply with the Interstate Compact on the Placement of Children, section 409.401, Florida Statutes. The ICPC is an agreement between states that provides certain requirements for placement of children out-of-state. We disagree with the father's contention that the ICPC applies only in foster care and adoption situations. Although Article III, subpart (a) states that it applies to foster care and "possible adoptions," we hold that the *338 ICPC applies here because the court is transferring custody of the child to an out-of-state non-custodial parent. See H.P. v. Dep't of Children & Families, 838 So.2d 583 (Fla. 5th DCA 2003) (finding the ICPC to apply where an out-of-state non-custodial parent seeks placement). Therefore, pursuant to Article III, subpart (d), before W.K. can be placed with the father, Washington State must provide written notification to the Florida Department of Children and Families that placement with the father is not contrary to the interests of W.K.
Affirmed in part; Reversed in part.
WARNER and GROSS, JJ., concur.