979 So.2d 363 (2008)
In the Interest of J.H. and S.H., children.
E.H., Petitioner,
v.
Department of Children and Family Services, Respondent.
No. 2D07-2143.
District Court of Appeal of Florida, Second District.
April 16, 2008.
*364 Scott L. Robbins, Tampa, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Kelley Schaeffer and Christopher Perone, Assistant Attorneys General, Tampa, for Respondent.
NORTHCUTT, Chief Judge.
Without prior notice, the circuit court ordered that E.H. could have only supervised visitation with his children, J.H. and S.H., until he complied with a recommendation for evaluation and treatment that was based on information known to be erroneous. The Department of Children and Family Services properly concedes that the court's order departed from the essential requirements of law resulting in irreparable harm. Accordingly, we grant E.H.'s petition for writ of certiorari and quash the order on review.
The children live with their mother, from whom E.H. is divorced. The mother consented to a dependency adjudication based on allegations completely unrelated to E.H. (Although the dependency petition initially alleged that E.H. had abandoned the children, the Department soon dismissed the petition against him.) At the time of the dependency adjudication, E.H. had unsupervised visitation with the children. E.H. subsequently sought custody of the children, but the court first ordered a domestic violence evaluation. Thereafter, having complied with her case plan, the mother filed a motion for reunification that was granted after a hearing.
At that hearing the mother asked to have E.H. restricted to supervised visitation with the children. This issue was not noticed for the hearing. In fact, E.H. was not even present, although his attorney was. Moreover, no evidence supported the requested change.
Nevertheless, the circuit court ordered that E.H. could have only supervised visitation with his children until he submitted to a psychological evaluation. The circuit court maintained its insistence on the evaluation over the Department's protests, in two subsequent hearings, that there was no factual basis for ordering it. Indeed, the appendix filed in this court reflects a total absence of factual support for the court's order.
When a child has been adjudicated dependent, the circuit court is authorized to order a nonoffending parent "to participate in treatment and services identified as necessary." § 39.521(1)(b)(1), Fla. Stat. (2006). Certainly, any such intrusion on the parental rights of the nonoffender must be justified by competent substantial evidence. See C.K. v. Dep't of Children & Families, 949 So.2d 336 (Fla. 4th DCA *365 2007) (reversing obligations imposed on nonoffending parent in absence of sufficient evidence). Here, there was none.
Petition granted; order quashed.
FULMER and WHATLEY, JJ., Concur.