EVANDER, J.
 

 P.S. (the father) appeals the trial court’s order of adjudication, disposition and ac
 
 *720
 
 ceptance of case plan with respect to his two natural sons, B.S. and R.S. Although we find that the trial court erred in entering a “second” order of adjudication of dependency, we find no error in the trial court’s requirement that the father complete a case plan.
 

 The Department of Children and Families (DCF) filed a shelter petition on January 31, 2008. At the time of the filing, R.S. was nine years old and B.S. was eight. The amended petition for dependency filed on April 9, 2008, alleged that the two boys were subject to hazardous conditions and physical abuse while residing with their mother and her husband. The mother entered a consent plea and, on May 29, 2008, the trial court entered an order adjudicating the children dependent.
 

 On June 11, 2008, DCF filed a second amended petition alleging that the two boys were at risk of abuse and/or neglect from the father because the father had allegedly sexually abused the boys’ stepsister on numerous occasions. (The stepsister is approximately three years older than R.S.) An evidentiary hearing was held on the second amended petition on July 7, 2008. Subsequently, the trial court entered a “second” order of adjudication of dependency finding that the two boys were at risk of prospective neglect from them father. The trial court determined that the father had, in fact, sexually abused his sons’ step-sister and that some of the incidents of sexual abuse occurred while the sons’ step-sister was residing in the same home as the two boys.
 

 Pursuant to section 39.507(7)(a), Florida Statutes (2008), it was improper for the trial court to enter a “second” order of adjudication of dependency.
 
 [1]
 
 As long as a court maintains jurisdiction over a dependency case, only one order adjudicating a child dependent is to be entered in that case.
 

 For as long as a court maintains jurisdiction over a dependency case, only one order adjudicating each child in the case dependent shall be entered. This order establishes the legal status of the child for purposes of proceedings under this chapter and may be based on the conduct of one parent, both parents, or a legal custodian.
 

 § 39.507(7)(a), Fla. Stat. (2008). Although section 39.507(7)(a) prohibited the entry of a second order of adjudication of dependency, section 39.507(7)(b) required the court to hold an evidentiary hearing to determine if the father abused, abandoned, or neglected R.S. and B.S.
 

 However, the court must determine whether each parent or legal custodian identified in the case abused, abandoned or neglected the child in a subsequent evidentiary hearing. If the evidentiary hearing is conducted subsequent to the adjudication of the child, the court shall supplement the adjudicatory order, disposition order, and the case plan, as necessary. With the exception of proceedings pursuant to section 39.811,
 
 [2]
 
 the child’s dependency status may not be retried or readjudicated.
 

 § 39.507(7)(b), Fla. Stat. (2008).
 

 It is significant to observe that while a child can be found dependent if he or she is “at substantial risk of imminent abuse, abandonment, or neglect,”
 
 [3]
 
 section 39.507(7)(b) only requires a trial judge,
 
 *721
 
 who has already adjudicated a child to be dependent, to determine whether each parent has actually abused, abandoned or neglected the child. Thus, in this case, the primary purpose of the evidentiary hearing should have been to determine if the father had actually abused or neglected R.S. and B.S. — not whether the children were at substantial risk of imminent abuse or neglect.
 

 The trial court’s finding that the father had sexually abused his sons’ step-sister was supported by substantial competent evidence. However, the evidence was insufficient to support a finding that the father had abused or neglected R.S. or B.S. Although much of the parties’ briefs in the case were addressed to the issue of whether R.S. and B.S. were “at substantial risk of imminent abuse or neglect,” we find it unnecessary to address this issue based on the plain language of section 39.507(7)(b).
 

 The evidentiary hearing held by the trial court did serve the purpose of enabling the trial court to determine if it was appropriate to require the father to complete a ease plan. Section 39.521(l)(b)(l) specifically provides that when a child is adjudicated dependent, the court has the power to require a parent (or legal custodian) to participate in treatment and services identified as necessary.
 
 See also J.P. v. Dep’t of Children and Families, 855
 
 So.2d 175 (Fla. 5th DCA 2003) (trial court acted within its legal authority in ordering father to submit to psychological evaluation as element of his case plan after child was adjudicated dependent as to mother even though child was not adjudicated dependent as to father). Here, the trial court did not abuse its discretion in requiring the father to complete a case plan. The tasks required to be performed by the father were reasonable given the finding that he had sexually abused his sons’ step-sister and the evidence regarding his sporadic involvement in his sons’ lives.
 
 [4]
 

 AFFIRMED, in part; REVERSED, in part; REMANDED for entry of a Supplemental Adjudicatory Order consistent with this Opinion.
 

 PALMER, C.J. and TORPY, J., concur.
 

 [1]
 

 .In fairness to the trial judge, the statute became effective only six days prior to the July 7, 2008 evidentiary hearing.
 

 [2]
 

 . Section 39.811, Florida Statutes (2008) pertains to termination of parental rights proceedings.
 

 [3]
 

 . § 39.01(15X0, Fla. Stat. (2008).
 

 [4]
 

 . Should the father seek to have the children placed with him, the trial court would have to determine,
 
 inter alia,
 
 whether the placement would “endanger the safety, well-being, or physical, mental, or emotional health of the child.”
 
 See
 
 §§ 39.521 (3)(b), 39.522, Fla. Stat. (2008).