RAMIREZ, J.
D.A. (the Father) appeals from a dependency adjudication with respect to his minor child, R.A. We affirm the supplemental *1138 dependency adjudication order entered below.
R.A. came to the attention of the Department of Children and Family Services (DCF), on March 2, 2011, when her parents checked themselves into a residential drug rehabilitation facility and left R.A. with a friend who runs a halfway house. R.A.’s parents have mental health and substance abuse problems. After their discharge from the rehabilitation facility on March 8, 2011, a DCF investigator went to the halfway house, but could not find the parents. She was told they were in their North Miami Beach home. However, the address given to the investigator turned out to be to a vacant home. As a result of a subsequent telephone conversation, the father brought the child to DCF the next day.
Thereafter, DCF petitioned to shelter the child due to the parents’ mental health and substance abuse problems. The mother admitted to cocaine use, but the father denied having any mental health or substance abuse issues. However, on March 14, 2011, the father readmitted himself to the treatment facility with depression and suicidal thoughts.
On March 25, 2011, DCF petitioned to declare R.A. dependent because of risk of prospective harm. The mother consented to the adjudication of dependency, and, on April 20, 2011, the trial court entered an order finding R.A. dependent as to the mother. The father challenged the dependency and the case proceeded to an adjudicatory hearing.
At the hearing, the trial court heard from Miami-Dade and Broward County DCF investigators, a mental health counselor, a psychiatrist, and the father. The mental health counselor testified that the father admitted to a twenty-year history of substance abuse. Both the counselor and the psychiatrist stated that the father reported he was diagnosed with bipolar disorder and cocaine dependence. Although prescribed medication for his mental health disorder, the father did not take the medication and instead relied on cocaine. The father claimed that when he checked into the treatment facility it was for depression and that facility personnel added the suicidal ideations to his record to ensure Medicare payment. He also testified that when he used cocaine he left R.A. with the mother. The trial court found, by a preponderance of the evidence, that the father’s untreated problems placed R.A. in substantial risk of imminent abuse, abandonment, or neglect, as defined in Chapter 39 of the Florida Statutes.
On appeal, the father contends that the trial court’s finding that the child was in substantial risk of imminent abuse, abandonment or neglect was not supported by competent and substantial evidence. DCF filed a confession of error based on P.S. v. Department of Children and Families, 4 So.3d 719 (Fla. 5th DCA 2009). Conversely, the Guardian ad Litem Program asserts that the trial court’s supplemental adjudication of dependency is correct. We agree with the Guardian ad Litem Program.
Turning first to the sufficiency of the dependency adjudication, it is well settled that, in a dependency proceeding, the allegations contained in the dependency petition must be established by a preponderance of the evidence. M.F. v. Fla. Dep’t of Children & Families, 770 So.2d 1189, 1192 (Fla.2000). Moreover, unless there is abuse of discretion, a trial court’s determination of dependency is a mixed question of law and fact, which will be upheld on appeal if the trial court applied the correct law and its ruling is supported by competent substantial evidence. Id.; A.B. v. Fla. Dep’t of Children & Family *1139 Servs., 901 So.2d 324, 326 (Fla. 3d DCA 2005).
Section 39.01(15)(a),(f), Florida Statutes (2011), defines a dependent child as one who “is found by the court: (a) To have been abandoned, abused, or neglected by the child’s parent or parents or legal custodians; ... or (f) To be at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians.” Prospective risk of abuse, abandonment, or neglect may be found where a parent has an untreated mental health disorder or a chronic substance abuse problem which may cause the parent to act in a manner that harms the child. See, e.g., J.B. v. Dep’t of Children & Family Servs., 40 So.3d 917 (Fla. 2d DCA 2010) (substance abuse); B.C. v. Dep’t of Children & Families, 846 So.2d 1273 (Fla. 4th DCA 2003) (substance abuse); E.M.A. v. Dep’t of Children & Families, 795 So.2d 183 (Fla. 1st DCA 2001) (mental health disorder); Richmond v. Dep’t of Health & Rehab. Servs., 658 So.2d 176 (Fla. 5th DCA 1995) (mental health disorder).
Here, there was competent and substantial evidence that the father’s mental health and substance abuse problems posed a prospective risk of harm to R.A. The evidence revealed that the father admitted having a twenty-year old substance abuse problem which led to at least two recent admissions to a treatment facility. Expert testimony also established that the father suffers from bipolar disorder, for which he has chosen not to take prescribed medication. The mental health counselor and the father’s psychiatrist opined that the father’s problems affected his decision making and daily activities. The father’s untreated mental disorder and use of drugs has led to poor decision-making in the past, including leaving the child in a halfway house. Thus, we conclude that the trial court’s finding of risk of imminent abuse or neglect is supported by competent, substantial evidence.
Furthermore, we reject DCF’s confession of error based on the Fifth District’s holding in P.S. that section 39.507(7) of the Florida Statutes prohibits a supplemental adjudication of dependency based on prospective abuse or neglect.[1] In P.S., as here, the mother consented to DCF’s petition for dependency and the trial court entered an order adjudicating the children dependent. The father, however, challenged the dependency and the trial court held an evidentiary hearing and entered a second adjudicatory order. P.S., 4 So.3d at 720. On appeal, the Fifth District held that at a subsequent evidentiary hearing of a second parent, actual harm and not a risk of harm must be found. Id. at 721. We disagree.
As with any case of statutory construction, the court must begin with the actual language of the statute. Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006). Where the statute’s language is clear or unambiguous, courts should give such language its plain meaning. See Polite v. State, 973 So.2d 1107, 1111 (Fla.2007). Florida courts “are ‘without power to construe an unambiguous statute in a way which would extend, modify or limit its express terms or its reasonable and obvious implications, and to do so would be an abrogation of legislative power.’ ” McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). Further, all parts of a statute should be read together to provide the whole legislative *1140 intent. Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992).
Section 39.507(7), Florida Statutes (2011), provides that:
(a) For as long as a court maintains jurisdiction over a dependency case, only one order adjudicating each child in the case dependent shall be entered. This order establishes the legal status of the child for purposes of proceedings under this chapter and may be based on the conduct of one parent, both parents, or a legal custodian.
(b) However, the court must determine whether each parent or legal custodian identified in the case abused, abandoned, or neglected the child in a subsequent evidentiary hearing. If the evidentiary hearing is conducted subsequent to the adjudication of the child, the court shall supplement the adjudicatory order, disposition order, and the case plan, as necessary. With the exception of proceedings pursuant to s. 39.811, the child’s dependency status may not be retried or readjudicated.
For several reasons, we reject the Fifth District’s conclusion that the plain language of the statute dictates a finding of actual abuse, abandonment, or neglect at a subsequent adjudicatory hearing. First, the court’s interpretation adds the word “actual” which is not in the statute. This violates the rule that a court may not extend the express terms of a statute. The court’s interpretation also disregards Chapter 39’s statutory definitions which incorporate prospective risk of harm as a ground to determine that a child is dependent.
Moreover, requiring a finding of actual harm as to the second parent hinders, rather than advances, the purpose behind the statutory prohibition against more than one dependency adjudication. Subsection 39.507(7) was added to Chapter 39 to remedy “unnecessary delays in placement and permancy” which were occurring in dependency cases involving separate adjudications as to each parent. See Fla. H.R. Staff Analysis on HB 7077, at 1. Thus, the purpose behind the amendment was to allow a child to be adjudicated dependent in an expeditious manner. Once the child is found to be dependent as to one parent, an evidentiary hearing, where case plans and supplemental findings as to the other parent can be determined, can later be held without it affecting the status of the child.
Finally, the Fifth District’s reading of the statute calls for application of two different standards as to each parent for no apparent rationale. The second parent, who in most cases will be the more fractious, arbitrarily will receive the benefit of holding DCF to a higher level of proof. This will frustrate the very purpose underlying Chapter 39, that of providing acceptable procedures by which DCF lawfully can respond to reports of child abuse, abandonment, or neglect in the most efficient and effective manner to ensure the health and safety of children.
In summary, we conclude there was sufficient evidence here to support the trial court’s finding that R.A is at a substantial risk of abuse, abandonment, or neglect, and that harm is likely to occur if she is placed with her father. Further, we decline to accept the DCF’s confession of error, as we disagree with the Fifth District Court of Appeal’s interpretation of Section 39.507(7). Accordingly affirm the trial court’s order of supplemental findings for dependency.
Affirmed.
SALTER, J., concurs.

. D.G. v. Department of Children and Families, 80 So.3d 1063 (Fla. 5th DCA 2012), is factually distinguishable.