84 So.3d 1231 (2012)
In the Interest of G.S., a child.
C.T., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Program, Appellees.
No. 2D12-69.
District Court of Appeal of Florida, Second District.
April 11, 2012.
*1232 Ita M. Neymotin, Regional Counsel, Second District, and Robert D. Rosen, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Allison J. McCabe, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Laura E. Lawson, Tavares, for Guardian ad Litem Program.
VILLANTI, Judge.
C.T., the Mother, seeks review of the trial court's order that adjudicated her sixteen-year-old son, G.S., dependent and that accepted the case plan prepared by the Department of Children and Family Services. The Mother does not challenge the adjudication of dependency, but she argues that the trial court's acceptance of the Department's case plan violates section 39.603(1)(f), Florida Statutes (2011), because the case plan does not meaningfully address the facts and circumstances that resulted in G.S.'s dependency. The Department and the GAL concede error, and we reverse.
This dependency case began when the Mother was arrested in Manatee County on a fugitive warrant out of California. Following the Mother's arrest, the Department learned that there was no "parent, legal custodian, or responsible adult relative" available in Florida to care for G.S. As part of the Department's shelter investigation, it learned that G.S. had been sheltered twice in the state of California. Both times, the Mother and G.B.S., the Father, had successfully completed case plans and the petitions were dismissed. At the conclusion of the second California proceeding in 2009, G.S. was placed into the sole custody of the Mother, with the Father to have unsupervised visitation "at the request of G.S." In 2010, the Mother relocated with G.S. to Florida. G.S. had not seen the Father since that time.
Upon the Mother's arrest, G.S. refused to return to California to live with the Father due to the Father's alleged "history of physical and mental abuse" and "history of drug abuse." Therefore, the Department sheltered G.S. and subsequently filed a dependency petition. On November 15, 2011, the Mother consented to G.S.'s dependency. However, she refused to sign the Department's proposed case plan, and at the adjudicatory hearing she objected to three of the tasks in the case plan as being irrelevant to the dependency issues as they related to her. Specifically, she objected to the domestic violence evaluation and classes, the parenting class, and the prescription drug task. At the adjudicatory hearing, the Mother argued that she had completed all of these tasks as part of her prior California case plans, that California had dismissed the dependency petitions and returned G.S. to her sole custody, and that G.S. was not removed from her care in Florida due to any issue with domestic violence, parenting, or drug use.
Nevertheless, the trial court accepted the Department's case plan over the Mother's objections. In doing so, the court noted that it was ordering the Father to perform these tasks and that it felt that it could not order the Father to do them without ordering the Mother to do them as well. Further, the court repeatedly noted that it "did not know what happened in California," so it could not say that these tasks were irrelevant to the issues in this case. The Mother now appeals the order of dependency to the extent that it accepted a case plan that included these tasks.
Section 39.6011 requires the Department to prepare a case plan for each child receiving services through the Department. *1233 Each case plan must include "[a] description of the identified problem being addressed, including the parent's behavior or acts resulting in risk to the child and the reason for the intervention by the department." § 39.6011(2)(a). Section 39.6012(1)(a) provides that

[t]he services described in the case plan must be designed to improve the conditions in the home and aid in maintaining the child in the home, facilitate the child's safe return to the home, ensure proper care of the child, or facilitate the child's permanent placement. The services offered must be the least intrusive possible into the life of the parent and child, must focus on clearly defined objectives, and must provide the most efficient path to quick reunification or permanent placement given the circumstances of the case and the child's need for safe and proper care.
(Emphasis added.) Finally, section 39.603(1)(f) requires the court to consider, before accepting a case plan submitted by the Department, "[w]hether the plan is meaningful and designed to address facts and circumstances upon which the court based the finding of dependency in involuntary placements." (Emphasis added.) All of these statutes together require the Department to "develop case plans tailored to address the needs of the family." C.D. v. Dep't of Children & Families, 974 So.2d 495, 499 (Fla. 1st DCA 2008); see also D.M. v. Dep't of Children & Families, 807 So.2d 90, 90 (Fla. 5th DCA 2002) (affirming the imposition of a case plan when a mother admitted that she could not care for her children and voluntarily placed them with their grandparents because the case plan was "designed to address [the] facts and circumstances" that resulted in the mother voluntarily giving up custody of her children). Generic case plans that do not consider the needs and circumstances of the individual family violate these statutory directives, as does a case plan for one parent that simply mirrors the case plan for the other without considering each parent's individual circumstances.
Here, as the Department and the GAL concede, some of the tasks contained in the Mother's case plan were not tailored to address the needs of this family. G.S. was adjudicated dependent solely because of the Mother's arrest on an out-of-state warrant and her impending extradition to California. The charge resulting in the warrant was apparently a technical violation of the California child custody decree arising from the Mother's failure to give the Father a required three-day notice before she moved to Florida. Because the case plan tasks requiring the Mother to participate in domestic violence counseling, prescription drug monitoring, and parenting classes were irrelevant to the issue that resulted in the dependency and were not meaningfully designed to address the issue that resulted in G.S.'s removal from the home, these tasks violated the statutory directives and were improperly included in the Department's case plan for the Mother.
Accordingly, we affirm the adjudication of dependency as to G.S., but we reverse the trial court's acceptance of the Department's case plan for the Mother and remand for the Department to prepare an amended case plan containing tasks for the Mother that are designed to address only the facts and circumstances giving rise to G.S.'s adjudication of dependency as to her.
Affirmed in part, reversed in part, and remanded for further proceedings.
SILBERMAN, C.J., and NORTHCUTT, J., Concur.