PER CURIAM.
J.L., the father, appeals the supplemental order of dependency which found that “the father has contributed to the dependency of the child....”[1] J.L. contends that this is an improper standard to determine dependency in the instant case. We agree.
*55 The proper standard is whether J.L. had “abused, abandoned, or neglected the child ....”§ 39.507(7)(b), Fla. Stat. (2011) (providing that when a child has already been found dependent as to one parent, “the court must determine whether each parent or legal custodian identified in the case abused, abandoned, or neglected the child in a subsequent evidentiary hearing. If the evidentiary hearing is conducted subsequent to the adjudication of the child, the court shall supplement the adjudicatory order ....”); see P.S. v. Dep’t of Children & Families, 4 So.3d 719, 720-21 (Fla. 5th DCA 2009) (“It is significant to observe that while a child can be found dependent if he or she is ‘at substantial risk of imminent abuse, abandonment, or neglect,’ section 39.507(7)(b) only requires a trial judge, who has already adjudicated a child to be dependent, to determine whether each parent has actually abused, abandoned or neglected the child. Thus, in this case, the primary purpose of the evidentia-ry hearing should have been to determine if the father had actually abused or neglected R.S. and B.S. — not whether the children were at substantial risk of imminent abuse or neglect.”) (footnote omitted). But see D.A. v. Dep’t of Children & Family Servs., 84 So.3d 1136 (Fla. 3d DCA 2012) (disagreeing with the holding in P.S. and certifying conflict with P.S.).
Accordingly, because the trial court applied the wrong standard, we reverse the supplemental order under review and remand this case to allow the trial court to reconsider the dependency issue as to J.L. under the proper standard.
REVERSED and REMANDED:
SAWAYA, TORPY and JACOBUS, JJ., concur.

. Because the child had already been declared dependent as to the mother, the child’s status was not at issue in J.L.’s case. See § 39.507(7)(a), Fla. Stat. (2011) (stating that once a court has jurisdiction over a dependency case, “only one order adjudicating each child in the case dependent shall be entered. This order establishes the legal status of the child for puiposes of proceedings under this chapter and may be based on the conduct of one parent, both parents, or a legal custodian”). Therefore, the trial court properly entered a supplemental order.