EVANDER, J.
F.O. (“the father”) appeals from an order that, inter alia, sets forth “Supplemental Findings of Dependency.” In its order, the trial court found that the father had engaged in certain wrongful conduct that had adversely affected his children. The father was thereafter ordered to perform-certain tasks pursuant to an amended case plan. We affirm.
After the entry of a consent pled by the children’s mother to the petition for dependency, the trial court adjudicated the children dependent. Pursuant to section 39.507(7), Florida Statutes (2011), the court subsequently held an evidentiary hearing to determine if the father had *710 abused, abandoned, or neglected any of the children. That statute provides in relevant part:
(a) For as long as a court maintains jurisdiction over a dependency case, only one order adjudicating each child in the case dependent shall be entered. This order establishes the legal status of the child for purposes of proceedings under this chapter and may be based on the conduct of one parent, both parents, or a legal custodian.
(b) However, the court must determine whether each parent or legal custodian identified in the case abused, abandoned, or neglected the child in a subsequent evidentiary hearing. If the evidentiary hearing is conducted subsequent to the adjudication of the child, the court shall supplement the adjudicatory order, disposition order, and the case plan, as necessary. With the exception of proceedings pursuant to s. 39.811, the child’s dependency status may not be retried or readjudicated.
Although the trial court’s ensuing order is somewhat unclear, we do not believe that it included a finding that the father had abused, abandoned, or neglected any of the children.[1] Rather, we interpret the order to simply reflect the trial court’s determination that the father had engaged in actions that had resulted in significant “mental health issues” for the children and that it would be in the children’s best interests for the father to complete certain case plan tasks. The trial court’s findings ■were supported by the record. Furthermore, this court has previously recognized that a parent may be ordered to participate in a case plan, even though that parent had not been found to have abused, abandoned or neglected the children at issue. See D.G. v. Dep’t of Children & Families, 80 So.3d 1063, 1065 (Fla. 5th DCA 2012); B.C. v. Dep’t of Children & Families, 864 So.2d 486, 490 (Fla. 5th DCA 2004); J.P. v. Dep’t of Children & Families, 855 So.2d 175, 176 (Fla. 5th DCA 2003); see also § 39.521(l)(b), Fla.Stat. (2011).
We find no merit to the other issues raised on appeal.
AFFIRMED.
PALMER and LAWSON, JJ., concur.

. We agree with the father that the evidence would not support such a finding.