DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

**A.G.,** the Father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and **GUARDIAN AD LITEM PROGRAM,**
Appellees.

No. 4D16-782

[ June 22, 2016 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 2015DP300699-JO.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Deborah Anne Schroth, Jacksonville, for Appellee Department of Children and Families, and Sara E. Goldfarb, Sanford, for Appellee Guardian ad Litem Program.

PER CURIAM.

A.G., the Father, challenges the trial court's order adjudicating his infant daughter dependent as to him. The Father also challenges the court's disposition order and case plan. We reverse the adjudicatory order because the trial court made three evidentiary errors. We also vacate the disposition order and case plan insofar as they apply to the Father because both were based on the adjudication which we find was erroneously entered.

The Department of Children and Families (the Department) filed a petition alleging that two children (A.J. and K.G.) were at risk due to domestic violence.[1] The petition included allegations that the Father

---

[1] The Mother and the Father were never married. A.J. is the Mother's child but is unrelated to the Father. A.J. was six-years-old at the time of the adjudicatory hearing, K.G. was an infant.

pushed the Mother and A.J. out of a vehicle into the rain, took the Mother's phone, shoved her to the ground, and physically restrained her when she tried to leave. The first petition included an allegation that the Father threw a table at A.J., but the amended petition alleges that the Father threw A.J. on a table. There were no allegations that the Father's infant daughter was abused or neglected, or even present during any domestic violence incidents. The Mother consented to the petition and both children were adjudicated dependent.

Shortly before trial, the Department filed a motion to take the testimony of A.J. *in camera*, claiming there was a "substantial likelihood" that A.J. would "suffer emotional or mental harm if required to testify in open court." At trial, based solely on the arguments of counsel for the Department, the judge granted the motion. The Father objected and on appeal argues this was error. Appellees filed a concession of error as to this first issue.

The trial court may not grant a motion setting restrictions on the method of examining a child witness without holding an evidentiary hearing and making factual findings supported by the evidence. Fla. R. Juv. P. 8.255(d); *In re G.S.*, 989 So. 2d 1282, 1285 (Fla. 2d DCA 2008). Here, the Department alleged the child would "suffer emotional or mental harm if required to testify in open court." Before granting the motion, the trial court was required to hold a hearing and make that finding based on the evidence presented. On remand, if the Department intends to rely on A.J.'s testimony, it will be given in open court with no restrictions, *unless* the Department establishes by evidentiary proof that restrictions should be placed on the manner of the child's testimony and the court makes written findings as required by Fla. R. Juv. P. 8.255(d).

The second issue raised by the Father is that the trial court erred in finding A.J. competent to testify. We agree. "Factors for an appellate court to consider in reviewing a competency determination include the entire context of the child's testimony and whether other evidence corroborates the child's testimony." *In re G.S.*, 989 So. 2d at 1284 (citing *Bennett v. State*, 971 So. 2d 196, 201 (Fla. 1st DCA 2007)). During his *in camera* testimony, A.J. demonstrated that he understood the difference between the truth and a lie, that he knew lying was bad, and that he knew that if he lied he would be in trouble with his mom. The trial court did not ascertain whether A.J. had sufficient intelligence to observe and recollect facts and relate those facts to the court in a narrative fashion. *See, e.g.,* *Rodgers v. State*, 113 So. 3d 761, 773 (Fla. 2013). This was error.

The court's intelligence inquiry consisted of asking A.J. his name and

his age. A.J. volunteered that his birthday was coming, but he did not know when. The judge did not ask any other verifiable questions, such as where he went to school, the names of his siblings or teachers, his favorite shows, or what he got for Christmas. A.J. was not asked to count, recite the alphabet, or identify colors. A.J.'s testimony consisted of mainly saying "Uh-huh" (meaning yes), and "Nuh-uh" (meaning no) to each of the judge's questions. A.J. also gave a "no verbal response" forty-six times in twenty minutes. We note that A.J. gave no narrative responses whatsoever.

We have carefully reviewed the entire transcript and find the trial court erred in admitting the child's testimony, because the court failed to conduct a sufficient competency inquiry.[2] On remand, if the Department intends to rely on A.J.'s testimony, the court must conduct a thorough competency inquiry which should answer three questions: (1) Is the child capable of observing and recollecting facts? (2) Is the child capable of narrating those facts to the court? and (3) Does the child have a moral sense of the obligation to tell the truth? *Id.* Because the court did not properly ascertain the child's competency and because A.J.'s testimony was critical to the court's supplemental adjudication of dependency, we reverse and remand for further proceedings.

The third error involves child-victim hearsay. During the trial, the Department elicited testimony from a Child Protective Investigator, which included things A.J. told her. The trial court admitted these statements under the child-victim hearsay exception. § 90.803(23), Fla. Stat. (2016). A prerequisite to the admission of child-victim hearsay is for the court to conduct an evidentiary hearing to ascertain the reliability of the out-of-court statements. The court must make findings of fact after conducting the hearing. *Id.* This procedure was not followed in this case, and appellees properly concede error on this issue. On remand, if the Department intends to introduce statements made by A.J. to the Investigator, the trial court must conduct an evidentiary hearing and make the findings required by the statute. *Dep't. of Health & Rehab. Servs. v. M.B.*, 701 So. 2d 1155, 1160 (Fla. 1997).

---

[2] While A.J. told the judge the Father "hit" him, he gave no details and vacillated on whether the Father hit him once, twice, or not at all. The Department did not present a single witness or any other evidence to corroborate A.J.'s testimony about being "hit" by the Father or being present when the Father was violent toward the Mother. There was no mention of being thrown on a table or pushed out of a car as alleged in the petition.

Without A.J.'s testimony and his out-of-court statements (all erroneously admitted), the Department did not establish by a preponderance of the evidence that the Father's infant daughter was at substantial risk of future abuse based on any actions of the Father as alleged in the petition. For this reason, we reverse the supplemental adjudication and remand for a new hearing consistent with this opinion. We decline to address in further detail the Father's claim that the evidence was insufficient and trust that on remand, the trial judge will apply the correct law based on the evidence properly admitted.

Appellees argue that reversal of the supplemental adjudication does not require vacation of the order of disposition. In theory, we agree. However, in this case, the order of disposition (as it refers to the Father) was based solely on the adjudication. As the adjudication is being reversed, the disposition also must also be vacated.

We recognize that a trial court may order a non-offending parent to participate in treatment and services under a case plan. § 39.521(1)(b), Fla. Stat. (2016); *C.K. v. Dep't. of Children & Families*, 949 So. 2d 336, 337 (Fla. 4th DCA 2007). The Case Plan in this case lists the "identified problem"[3] as exposure of the child to domestic violence. There is no evidence that the Father's infant daughter was exposed to domestic violence. The only child who is alleged to have been exposed to domestic violence is A.J., and the Department did not present any admissible evidence on this issue. Therefore, the Father's Case Plan is also vacated.

*Reversed and Remanded for further proceedings.*

CIKLIN, C.J., TAYLOR and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] A case plan must contain a "description of the identified problem being addressed, including the parent's behavior or acts resulting in risk to the child and the reason for the intervention by the department." § 39.6011(2)(a), Fla. Stat. (2016).