# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2424
Lower Tribunal No. 16-15120
_____

**J.S., the father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Law Offices of Roger Ally, P.A., and Roger Ally, for appellant.

Dickinson & Gibbons, P.A., and Jesse R. Butler (Sarasota); Thomasina Moore and Laura J. Lee (Sanford), for the Guardian ad Litem Program; Karla F. Perkins, for the Department of Children and Families.

Before SUAREZ, SCALES and LUCK, JJ.

PER CURIAM.

We affirm the trial court's October 10, 2017 dependency order because the trial court's findings are supported by competent, substantial evidence. <u>D.A. v. Dep't of Children & Family Servs.</u>, 84 So. 3d 1136, 1138 (Fla. 3d DCA 2012) ("[A] trial court's determination of dependency is a mixed question of law and fact, which will be upheld on appeal if the trial court applied the correct law and its ruling is supported by competent substantial evidence."). While it does appear that, in June 2016, the trial court transferred this case to the circuit court in Volusia County, <u>see</u> Fla. R. Juv. P. 8.205(b), the trial court docket and the court minutes reflect that the case was transferred back to the Miami-Dade County circuit court in November 2016, and that appellant waived any argument that the case was not properly retransferred to the Miami-Dade trial court when he, on several occasions, sought affirmative relief in the lower court. <u>D.M. v. J.D.M. ex rel. C.F.</u>, 814 So. 2d 1112, 1115-16 (Fla. 4th DCA 2002) (equating a rule 8.205(b) motion to transfer a dependency case with a motion to transfer venue); <u>cf.</u> <u>Fixel v. Clevenger</u>, 285 So. 2d 687, 688 (Fla. 3d DCA 1973) ("[T]he venue objection may be waived and if not timely or sufficiently asserted defendant must bear the consequences.").

Affirmed.