NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of E.T., Jr., Y.T., and D.T.,  )
children.                                        )
                                                 )
_____ )
                                                 )
E.T.,                                            )
                                                 )
                   Appellant,                    )
                                                 )
v.                                               )     Case No. 2D18-2537
                                                 )
DEPARTMENT OF CHILDREN AND                       )
FAMILIES and GUARDIAN AD LITEM                   )
PROGRAM,                                         )
                                                 )
                   Appellees.                    )
_____ )

Opinion filed February 6, 2019.

Appeal from the Circuit Court for Pinellas
County; James Pierce, Acting Circuit
Judge.

Ita M. Neymotin, Regional Counsel,
Second District, Office of Criminal
Conflict and Civil Regional Counsel, Fort
Myers; David C. Chafin, Assistant
Regional Counsel, Clearwater; and
Joseph Thye Sexton, Assistant Regional
Counsel, Bartow, for Appellant.

Bernie McCabe, State Attorney, and
Leslie M. Layne, Assistant State

Attorney, Clearwater, for Appellee
Department of Children and Families.

Thomasina Moore, Statewide Director of
Appeals, and Laura J. Lee, Appellate
Counsel, Tallahassee, for Appellee
Guardian ad Litem Program.

BLACK, Judge.

E.T., the Father of the children, appeals from an order that supplements a prior order adjudicating the children dependent and finds that he engaged in conduct constituting abuse, abandonment, and neglect of the children within the meaning of section 39.01(15)(a), Florida Statutes (2017). We affirm the order without further comment insofar as it makes findings that the Father engaged in conduct that constitutes abuse, abandonment, and neglect. However, we reverse the order to the extent that it makes dispositional findings and directs the Father to complete certain case plan tasks without first holding a separate disposition hearing, and we remand for the court to hold a disposition hearing as instructed in this opinion. The court's no-contact order and the children's current placement shall remain in effect pending a disposition hearing.

I.      Background

After the children were sheltered, the Department of Children and Families filed a petition for dependency alleging that the Father had abused, neglected, and abandoned the children; allegations of abuse and neglect were also made against the children's mother. The children's mother consented to the dependency, and the trial court entered an order adjudicating them dependent. The court continued the petition against the Father, who had requested mediation.

At a subsequent evidentiary hearing concerning the allegations against the Father, the trial court accepted the Department's position that because the children had already been adjudicated dependent based upon the mother's consent, it should supplement "the adjudicatory order, disposition order, and the case plan as necessary." Notwithstanding the Department's position, the court heard evidence concerning the allegations in the petition against the Father. However, the court rejected the Father's argument that a separate disposition hearing was required under section 39.507(8) if it found that the Father had abused, abandoned, or neglected the children. And it agreed with the Department's argument that it need not find that the Father actually harmed the children to conclude that he contributed to their dependency. After the evidentiary hearing, the court entered a supplemental order finding that the Father had engaged in conduct that constituted abuse, abandonment, and neglect of the children under section 39.01(15)(a). It also made dispositional findings, directed the Department to file a case plan that would be accepted if no party objected within ten days, and directed the Father to complete certain case plan tasks. The court ordered that the Father have no contact with the children until further order of the court and kept the children in their current placement.

II.    Discussion

The Father argues on appeal that the court erred in conducting the disposition hearing contemporaneously with the adjudicatory hearing and in failing to provide him with proper notice of the disposition hearing. He asserts that upon finding that the Department established the allegations against him, the court should have provided him with written notice of a disposition hearing to take place within thirty days

after the adjudicatory hearing under section 39.507(8). In addition, he argues that at an adjudicatory hearing the court was required to find that his conduct resulted in actual harm to the children as opposed to imminent harm.[1] The Father's issues involve questions of law, and our review is de novo. See M.M. v. Fla. Dep't of Children & Families, 189 So. 3d 134, 137 (Fla. 2016).

A.    Separate disposition hearing was required for the Father

In arguing that a separate disposition hearing was not required, the Department and the Guardian ad Litem Program rely upon the language in section 39.507(7)(b) that "[i]f a second parent is served and brought into the proceeding after the adjudication and if an evidentiary hearing for the second parent is conducted, the court shall supplement the adjudicatory order, disposition order, and the case plan, as necessary." (Emphasis added.) They interpret this language to mean that the trial court can hold a single hearing to determine whether the Father contributed to the children's dependency and then supplement the adjudicatory order, disposition order, and the case plan "as necessary," without conducting a separate disposition hearing. We disagree. This language does not eliminate the need for a disposition hearing as contemplated under section 39.507(8) and Florida Rules of Juvenile Procedure

_____

[1]The Father also argues that the court erred in accepting the Department's position that because the children had already been adjudicated dependent based upon the mother's consent, it was not necessary to conduct an adjudicatory hearing with regard to the allegations against him in the petition for dependency. But as the Department and Guardian ad Litem Program point out, the court did in effect conduct an adjudicatory hearing as required, see § 39.507(7)(b); Fla. R. Juv. P. 8.315(a)(3); Fla. R. Juv. P. 8.347(f)(2), (g)(1), and therefore no procedural error occurred with respect to the court's determination that the Father contributed to the children's dependency by engaging in conduct that constituted abuse, abandonment, and neglect of the children under section 39.01(15)(a).

- 4 -

8.347(h)(2) and 8.347(i).

"[O]nly one order adjudicating each child in the case dependent shall be entered." § 39.507(7)(a). "However, the court must determine whether each parent or legal custodian identified in the case abused, abandoned, or neglected the child . . . ." § 39.507(7)(b). Further, section 39.507(8) provides as follows:

> At the conclusion of the adjudicatory hearing, if the child named in the petition is found dependent, the court shall schedule the disposition hearing within 30 days after the last day of the adjudicatory hearing. All parties shall be notified in writing at the conclusion of the adjudicatory hearing by the clerk of the court of the date, time, and location of the disposition hearing.

Clearly section 39.507(8) contemplates that a separate disposition hearing should be held following an adjudicatory hearing. Rule 8.347(h)(2) similarly provides that following supplementation of the order of adjudication to include a second parent, "[i]f necessary, the court shall schedule a supplemental disposition hearing within 15 days." That is, if after a hearing on the allegations against a second parent the court concludes that the second parent should be included in the adjudicatory order, it becomes necessary to schedule a supplemental disposition hearing. The supplemental disposition hearing must be conducted "pursuant to the same procedures for a disposition hearing and case plan review hearing as provided by law." Fla. R. Juv. P. 8.347(i)(1). Rule 8.347 further requires that the "written case plan and reports required by law . . . must be filed with the court[] [and] served upon the parents of the child . . . no less than 72 hours before the supplemental disposition hearing." Fla. R. Juv. P. 8.347(i)(2)(A). In addition, rule 8.347(i)(3) specifically directs what the court should include in a supplemental order of disposition. These provisions reflect that a second parent who is included in a

supplemental adjudicatory order is entitled to the same procedures for a disposition hearing and case plan review as the first parent.

Section 39.507(7)(b) contemplates that if the court holds an evidentiary hearing for a second parent it should thereafter supplement the adjudicatory order, disposition order, and case plan "as necessary."  As with rule 8.347(h)(2), we interpret this language to mean that if after holding an adjudicatory hearing for a second parent the court determines that the second parent contributed to a child's dependency under the statutory definition of a dependent child, the court is authorized to supplement its prior adjudicatory and disposition orders and case plan "as necessary."  However, the provision does not eliminate the procedures for holding a disposition hearing under section 39.507(8), rule 8.347(h)(2), or rule 8.347(i) before supplementing the disposition order and case plan.  Therefore, the Father was entitled to a separate disposition hearing after notice.

As to the timing of the separate disposition hearing, we note that although section 39.507(8) and rule 8.347(h)(2) provide different timeframes, they are not in conflict.  Compare § 39.507(8) (requiring "the court [to] schedule the disposition hearing within 30 days after the last day of the adjudicatory hearing"), with Fla. R. Juv. P. 8.347(h)(2) (requiring "the court [to] schedule a supplemental disposition hearing within 15 days" of the adjudicatory hearing).  The requirement under rule 8.347(h)(2) that a supplemental disposition hearing be held within fifteen days falls within the broader requirement under section 39.507(8) that a disposition hearing be held within thirty days.  Because the Father is the second parent following the mother's consent to the children's dependency, we conclude that the more specific provisions of rule 8.347(h)(2)

- 6 -

that address supplemental disposition hearings for a second parent control the timing of a supplemental disposition hearing as to the Father. See M.W. v. Davis, 756 So. 2d 90, 106 n.31 (Fla. 2000) ("In construing statutes, a specific statute governing a particular subject takes precedence over a conflicting more general statute."); Cricket Props., LLC v. Nassau Pointe at Heritage Isles Homeowners Ass'n, 124 So. 3d 302, 307 (Fla. 2d DCA 2013) (noting same). Thus, the trial court was required to hold a disposition hearing within fifteen days of the entry of the supplemental order of adjudication.

B.    Department was not required to prove actual harm

The Father also argues that the Department was required to establish that he actually harmed the children in order for the court to find that he contributed to their dependency. Focusing on the language in section 39.507(7)(b) that "a second parent is served and brought into the proceeding after the adjudication," the Father argues that the statute creates two classes of parents: one includes parents who are served with the petition for dependency before the children are adjudicated dependent and the other includes parents who are served after the children have been adjudicated dependent. The Father argues that the language in section 39.507(7)(b) that "[t]he petitioner is not required to prove actual harm or actual abuse by the second parent" does not apply to him because section 39.507(7)(b) references parents "served and brought into the proceeding after the adjudication" of dependency and he was served with the petition before the children were adjudicated dependent. According to the Father, the Department was required to prove that his conduct resulted in actual harm and not prospective harm to the children. We disagree and conclude that section 39.507(7)(b) applies uniformly to "the second parent"—the parent who objects to the allegations of

dependency when the other parent consents.

Prior to the amendment to section 39.507(7)(b) in 2017, there was a conflict between the Fifth and Third Districts regarding whether the Department was required to prove that a second parent caused actual harm to a child in a supplemental adjudication after the child was adjudicated dependent based upon the actions of the other parent or whether it could prove prospective harm against the second parent. Compare P.S. v. Dep't of Children & Families, 4 So. 3d 719, 720-21 (Fla. 5th DCA 2009) (requiring the Department to establish actual harm by the children's father after the mother consented to the children's dependency and the Department thereafter filed a petition alleging that the father contributed to the children's dependency), with D.A. v. Dep't of Children & Family Servs., 84 So. 3d 1136, 1139-41 (Fla. 3d DCA 2012) (disagreeing with P.S. and holding that the Department could prove prospective harm at an adjudicatory hearing for the father when the children were alleged to be dependent based upon allegations against the mother and the father, the mother consented to dependency, and the petition proceeded to an adjudicatory hearing for the father). In concluding that either actual or prospective harm could be established against the second parent, the Third District observed that section 39.507(7)(b) plainly stated that "the court must determine whether each parent or legal custodian identified in the case abused, abandoned, or neglected the child in a subsequent evidentiary hearing." 84 So. 3d at 1140. Section 39.507(7)(b) did not include the word "actual" as contemplated by the Fifth District's holding in P.S., and the Fifth District's interpretation disregarded chapter 39's statutory definitions, which incorporated prospective risk of harm as a basis for determining whether a child is dependent. The Third District further observed that it

- 8 -

would be absurd to read section 39.507(7)(b) to require the Department, with no apparent rationale, to apply two different standards of proof to parents by imposing a higher burden of proof for a second parent in a supplemental proceeding than for the consenting parent: "The second parent, who in most cases will be the more fractious, arbitrarily will receive the benefit of holding [the Department] to a higher level of proof." 84 So. 3d at 1140.

The legislature amended section 39.507(7)(b) in 2017 to state that a "court must determine whether each parent . . . abused, abandoned, or neglected the child <u>or engaged in conduct that placed the child at substantial risk of imminent abuse, abandonment, or neglect</u>." Ch. 2017-151, § 10, at 17, Laws of Fla. (emphasis added to reflect the addition of new language). It also added the language that a "petitioner is not required to prove actual harm or actual abuse by the second parent in order for the court to make supplemental findings regarding the conduct of the second parent." <u>Id.</u> By adding the foregoing language, the legislature made clear that the same burden of proof applies to each parent. <u>See also</u> Fla. H.R. Comm. on Health & Human Servs., Subcomm. on Children, Families & Seniors, HB 1121 (2017) Staff Analysis (Mar. 12, 2017) (observing the conflict between the Third and Fifth Districts and noting that the proposed legislation "clarifies that the petitioner is not required to show actual harm by the second parent in order for the court to make supplemental findings regarding the conduct of the second parent"). Thus, the trial court applied the correct burden and its finding that the Father contributed to the children's dependency under the statutory definition was properly supported by proof of his conduct that placed them at imminent risk of harm.

III.    Conclusion

Based upon the foregoing discussion, we affirm the trial court's findings that the Father engaged in conduct that constitutes abuse, abandonment, and neglect of the children under section 39.01(15)(a).  We reverse the order on review to the extent that the trial court made findings concerning the most appropriate protections, services, and placement for the children without the required notice and separate hearing.  On remand, the trial court shall enter an amended supplemental order of adjudication without the dispositional findings and provisions.  Upon written notice to the Father and within fifteen days of the entry of the amended supplemental order, the court must hold a disposition hearing.  The court's continuation of its no-contact order shall remain in effect pending a disposition hearing.

Affirmed in part, reversed in part, and remanded.


LaROSE, C.J., and SILBERMAN, J., Concur.