# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-0572
LT Case Nos. 2023-DP-000282-A
2023-DP-000282-B
2023-DP-000282-C
2023-DP-000282-D

———————————————

J.S., Mother of M.N., M.N.,
M.N., and M.N., Children,

    Appellant,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Michael A. Kalil, Judge.

Michael J. Titus, Assistant Regional Conflict Counsel, of Office of
Criminal Conflict and Civil Regional Counsel, Region One,
Tallahassee, for Appellant.

Sarah J. Rumph, Appellate Counsel, of Children's Legal Services,
Tallahassee, for Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and
Laura J. Lee, Assistant Director of Appeals, of Statewide
Guardian ad Litem Office, Tallahassee, for Guardian ad Litem
o/b/o M.N., M.N., M.N., and M.N.

November 20, 2024

PER CURIAM.

J.S. ("Mother") appeals the circuit court's adjudication of dependency for her four children, challenging both the court's dependency determination and its inclusion of domestic-violence-related services in her case plan. Upon review of the record, we conclude that the court did not abuse its discretion in adjudicating the children dependent due to medical neglect. Thus, we affirm the adjudication of dependency. However, because the court found that the Department of Children and Families failed to establish that there was domestic violence, we vacate and remand for the court to remove domestic-violence-related services from the case plan. *See* §§ 39.521(1)(c)1., .6012(1)(a), .603(1)(f), Fla. Stat. (2023); *A.G. v. Dep't of Child. & Fams.*, 193 So. 3d 1097, 1100 (Fla. 4th DCA 2016) (per curiam); *C.T. v. Dep't of Child. & Fam. Servs.* (*In re G.S.*), 84 So. 3d 1231, 1233 (Fla. 2d DCA 2012). Our vacatur and remand are without prejudice for inclusion of domestic-violence-related services in an amended case plan should the court make the necessary predicate findings after further proceedings.

AFFIRMED in part; VACATED in part; REMANDED with instructions.

JAY, EISNAUGLE, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____